# WILLIAM WAHLE

*v.*

# LOUIS REINBACH.

1. CHANCERY—*abating nuisances.* A court of equity will always act with reluctance in abating a nuisance, and seldom until it has been found to be such by a jury. But where the injury resulting from the nuisance is in its nature irreparable, as, when loss of health, loss of trade, destruction of the means of subsistence, or permanent ruin to personal property will ensue, from the wrongful act or erection, courts of equity will interfere by injunction.

2. SAME—*preventing the creation of nuisance.* A court of equity will not, in general, interfere until an actual nuisance has been committed; but it may, by virtue of its jurisdiction to restrain acts which, when completed, will result in a ground of action, interfere before any actual nuisance has been committed, where it is satisfied that the act complained of will inevitably result in a nuisance.

3. SAME—*irreparable injury defined.* By irreparable injury is not meant such injury as is beyond the possibility of repair, or beyond possible compensation in damages, or necessarily great injury or great damage, but that species of injury, whether great or small, that ought not to be submitted to on the one hand or inflicted on the other; and because it is so large on the one hand or so small on the other, is of such constant and frequent recurrence that no fair or reasonable redress can be had therefor in a court of law.

4. NUISANCE—*privies.* Privies are regarded as *prima facie* nuisances, and, although necessary and indispensable in connection with the use of property for the ordinary purposes of habitation, yet, if they are built or allowed to remain in such a condition as to annoy others in the proper enjoyment of *their* property, by reason of either the noisome smells that arise therefrom or by the escape of filthy matter therefrom upon the premises of another, or so as to corrupt the water of a well or spring, they are nuisances in fact.

5. SAME—*defined generally.* Any business, however lawful, which causes annoyances that materially interfere with the ordinary comfort, physically, of human existence, is a nuisance that should be restrained; and smoke, noise and bad odors, even when not injurious to health, may render a dwelling so uncomfortable as to drive from it any one not compelled by poverty to remain. The discomfort must be physical, not such as depends upon taste or imagination. But whatever is offensive physically to the senses, and by such offensiveness makes life uncomfortable, is a nuisance.

6. SAME—*facts of this case.* Where a defendant was about erecting a privy on his own lot, about eight feet from the dwelling house and cellar, and within twenty feet of the well of the complainant, it was *held*, that a bill for an injunction to restrain the completion of the same would lie, there being no adequate remedy at law for the injury that would result therefrom to the complainant.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

This was a bill in equity, filed by the defendant in error against the plaintiff in error, to restrain the erection of a

privy near to the residence and well of the complainant. The court below decreed the relief sought.

Mr. Oscar A. DeLeuw, for the plaintiff in error.

Messrs. Dummer & Brown, for the defendant in error.

Mr. Justice Scholfield delivered the opinion of the Court:

This is a bill in equity, to enjoin a threatened nuisance. The substantial allegations of the bill are, that complainant is the owner and occupant of a certain lot, in the town of Jacksonville, on which is the residence now and for some time past occupied by himself and family; that respondent has become the owner of an adjoining lot, on which he is proceeding to construct a privy, within eight feet of complainant's dwelling house and the cellar thereunder, and within twenty feet of the well of water from which complainant and his family are supplied with water for drinking and cooking and other domestic purposes; that the privy is being built by respondent for the use to which such structures are appropriate; that if he is permitted to complete and use it, it will become an intolerable nuisance to complainant and his family, and that, from its proximity to his dwelling house, cellar and well, it will become injurious to the health and comfort of himself and family, and prejudicial to the enjoyment of his property.

It is further alleged, that respondent has no authority to construct the privy at this particular place, for the reason that it is on ground reserved by a prior owner of the property for an alley; that he has an abundance of room on his own premises for its location, so remote from any building that no inconvenience would result from it; that if the privy shall be completed and used, as intended, complainant and his family will suffer therefrom irreparable injury to their comfort and health, and that he has no adequate remedy at law

The answer of the respondent admits the contemplated construction of the privy at the place alleged in the bill, but denies all the other allegations.

The court, on hearing, found the allegations of the bill to be true, and decreed as therein prayed.

Having given the evidence an attentive consideration, we see no cause to disagree with the conclusion of the court as to its effect.

The question, then, to be determined is, do the allegations in the bill authorize the decree?

It is argued by the counsel for complainant, that, before an injunction can issue in such cases, it must be determined by a jury, on a trial at law, that a nuisance in fact exists. It is true, and has been so held by this court in the cases to which he refers, that a court of equity will always act with reluctance in abating a nuisance, and seldom until it has been found to be such by a jury. *Dunning* v. *City of Aurora*, 40 Ill. 481; *Bliss* v. *Kennedy*, 43 id. 67; *Town of Lakeview* v. *Letz*, 44 id. 81. These cases, however, recognize the doctrine, which is supported by all the authorities on this branch of equity jurisdiction, that where the injury resulting from the nuisance is, in its nature, irreparable, as, when loss of health, loss of trade, destruction of the means of subsistence, or permanent ruin to property will ensue from the wrongful act or erection, courts of equity will interfere by injunction, in furtherance of justice and the violated rights of property. Waterman's Eden on Injunctions, 259, 4 note; Kerr on Injunctions, 339. It is said, in Kerr on Injunctions, *ubi supra*: "The court will not, in general, interfere until an actual nuisance has been committed; but it may, by virtue of its jurisdiction to restrain acts which, when completed, will result in a ground of action, interfere before any actual nuisance has been committed, where it is satisfied that the act complained of will inevitably result in a nuisance." See also Wood on the "Law of Nuisance," 812, sec. 769.

It is laid down by the author last referred to, p. 566, sec. 572 : "Privies are regarded as *prima facie* nuisances, and although necessary and indispensable in connection with the use of property for the ordinary purposes of habitation, yet if they are built or allowed to remain in such a condition as to annoy others in the proper enjoyment of *their* property, by reason either of the noisome smells that arise therefrom or by the escape of filthy matter therefrom upon the premises of another, or so as to corrupt the water of a well or spring, they are nuisances in fact," etc. And the same author, at p. 817, sec. 770, in discussing what is meant by irreparable injury, which will authorize the interposition of a court of equity by way of injunction, also says : "By irreparable injury is not meant such injury as is beyond the possibility of repair, or beyond possible compensation in damages, nor necessarily great injury or great damage, but that species of injury, whether great or small, that ought not to be submitted to on the one hand or inflicted on the other ; and because it is so large on the one hand or so small on the other, is of such constant and frequent recurrence, that no fair or reasonable redress can be had therefor in a court of law."

This question, as applicable to the facts of the present case, is well discussed also by Zabriskie, Chancellor, in *Cleveland* v. *Citizens' Gas Light Co.*, 5 C. E. Greene, (20 N. J. Eq.) at page 205. The Chancellor said : "Any business, however lawful, which causes annoyances that materially interfere with the ordinary comfort, physically, of human existence, is a nuisance, that should be restrained ; and smoke, noise and bad odors, even when not injurious to health, may render a dwelling so uncomfortable as to drive from it any one not compelled by poverty to remain.

"Unpleasant odors, from the very constitution of our nature, render us uncomfortable, and, when continued or repeated, make life uncomfortable. To live comfortably is the chief and most reasonable object of men in acquiring property, as the means of attaining it ; and any interference with our

neighbor in the comfortable enjoyment of life, is a wrong which the law will redress. The only question is, what amounts to that discomfort from which the law will protect?

"The discomforts must be physical—not such as depend upon taste or imagination. But whatever is offensive, physically, to the senses, and by such offensiveness makes life uncomfortable, is a nuisance." See also, to the same effect, *Ross* v. *Butler*, 4 C. E. Greene (19 N. J. Eq.) 294.

Manifestly no remedy in an action at law would be adequate in a case like the present. Upon what basis could the damages be estimated for the sickness or discomfort caused by inhaling the unwholesome vapors, drinking the impure water, and enduring the foul stenches originating from a structure of the description and relative location complained of? And to say that such a nuisance must be suffered to be created and continued until its character shall be formally determined at law, would seem to be but little better than a mockery of justice to him whose residence is affected by it.

We are of opinion that the case is clearly one in which there is no adequate remedy at law, and where the injury is, in its nature, irreparable.

The decree is affirmed.

*Decree affirmed.*