## John S. Rand

### v.

## Charles D. Wilber et al.

INJUNCTION.—A bill in equity to enjoin the rebuilding of a privy by
appellant within five feet of appellees' line, contrary to the ordinance of the
city.   *Held*, that in such a case, where the injury resulting from a nuisance
is in its nature irreparable and would result in the loss of health and per-
manent ruin of property, a court of equity will interfere by injunction.

   APPEAL from the City Court of Aurora; the Hon. A. H.
BARRY, Judge, presiding.   Opinion filed April 5, 1886.

Mr. A. C. LITTLE, for appellant.

Mr. M. O. SOUTHWORTH, for appellees.

LACEY, P. J. This was a bill in equity, brought by appellees against the appellant, seeking to enjoin the latter from erecting a privy within five feet of appellees' line, or that will injure appellees or their premises, or be a nuisance, under ordinance of the city, or that will injure the well, or health of the family.

The bill charged that the appellee, Nancy Wilber, was the owner in fee of a certain lot in the town of Aurora; that she had a dwelling house on said lot that had been occupied by them as their dwelling for several years last past; that appellant was the owner in fee of the west eighty feet of the lot; that appellees' house was within six feet of the west line of said lot and a few inches from the south line of the lot; that six feet from the west line of said lot is appellees' well, which is also fifteen feet from the south line; that this well supplied them with water for domestic purposes. It further charges that appellant had dug a vault several feet deep up to the east line of said lot with'n a few inches of the south line, and that appellant was constructing a vault for a privy, and was going to put on it the structure heretofore used and use the same for a privy, and will use the same for a privy unless enjoined. The bill charges that it was within six feet of the kitchen door of appellees and within twelve feet of their well, and if built and used as a privy will become a nuisance to appellee and family, prevent the enjoyment of the premises and depreciate the value of same. The appellant has room on his own lot for a privy and if this is completed irreparable injury will be done to appellees. The appellant refuses to stop building and claims that he has a right to build a privy anywhere on his own lot. An injunction was granted temporarily. The appellant, in his answer, denied that he was building a new privy or any privy, but that where the old privy vault was,

Rand v. Wilber.

he having covered the same and made it part of his dwelling house, will use it for an ash pit.

A supplemental bill was filed showing that appellant had completed the vault and privy and inclosed it and would use it unless enjoined, and asks an additional injunction. Appellant answered denying that he intended using the vault and privy for the purpose of a privy. Upon a hearing of the case the court entered up final decree, finding the material allegations of the bill to be sustained and true, and perpetually enjoining appellant from using the said vault and building as a privy, and from erecting and using a privy within five feet of complainants' line, from which decree this appeal is taken.

It is contended as ground of reversal that a court of equity had no jurisdiction in such a case. It is claimed by counsel for the appellant that the appellees had an adequate remedy at law, and besides, before a court of equity would take jurisdiction, the question of nuisance must be determined in a trial at law that a nuisance exists. This position is not tenable. In a case like this, where the injury resulting from a nuisance is in its nature irreparable and would result in the loss of health and permanent ruin of the property, a court of equity will interfere by injunction in the furtherance of justice and to prevent the right of property being violated. The question in a case similar in its facts to this has been decided by the Supreme Court of this State in Wahle v. Reinback, 76 Ill. 322, and the question is no longer an open one. Besides there was no demurrer to the bill, and the defense of jurisdiction was not raised and insisted on in the answer, which should have been in order to enable the appellant to raise the question on the hearing of the case in the court below or here.

We are satisfied from the evidence preserved in the record that the allegations of the bill are well sustained, and that it was the intention of the appellant to use the vault and structure for the purpose of a privy, and that it would have created a nuisance to the property of appellees and endangered their health, and that the damage would have been irreparable. The nature of the structure itself strongly indicates that it was the purpose of appellant to use it as a privy, it being

peculiarly fitted for such purpose. From this and the fact that he told appellee, C. D. Wilber, and others, that such was his intention, is enough upon which to base the decree and finding of the court below, and his mere denial would not be sufficient under the circumstances to overcome the evidence. Having told appellees that such was his intention, and the fact that he was constructing a vault fitted for such purpose, should estop appellant from denying it afterward to escape costs.

The old structure situate there, and used as a privy at the time of the sale from appellant to appellees of their portion of the lot, had become a nuisance, and had been torn down by appellant, and he had no more right to construct a new one than if the old one had not been there at the time of the sale to appellees. The appellant can not be disappointed or injured by the granting of the injunction, as he did not, as he declares in his answer, and testified to, intend to use the structure as a privy. The costs are really the only matter in question, and his statements to appellees prior to the commencement of the suit, that he intended to build the privy in the place where this vault was located, was cause enough to justify the appellees in bringing this action.

Being fully satisfied with the action of the court below we affirm the decree of that court.

Decree affirmed.