AMOS J. SNELL

*v.*

EMANUEL J. BURESH *et al.*

*Filed at Ottawa November 11, 1887.*

1. CORPORATION—*grant of powers—rule of construction, as affecting the private rights of others.* Statutory sanction which will justify an injury by a corporation to private property without making compensation therefor and without the consent of the owner, must be express, or given by clear and unmistakable implication, so that it can fairly be said the legislature contemplated the very act causing the injury. When the terms of the statute are merely permissive, the act will not confer a license to commit a nuisance.

2. While the assignee of a plank road company may have the right to the free and undisturbed enjoyment and use of all the powers and franchises conferred on the corporation by its charter, which authorized the construction and use of the road, yet the act will not be so construed, if capable of a different construction, as to confer power to destroy or seriously injure the property of others, or establish a nuisance as against their property.

3. SAME—*toll-gates on plank road—grant of power construed, as to points of location, in respect of private interests.* A plank road company was incorporated in 1849, by special charter, by which it was authorized and empowered to construct its road and erect such toll-houses and gates as it might deem suitable. This road was laid out and constructed through a village, intersecting a public avenue which had been for many years used and traveled as a public street. In 1886 the owner of the road and franchise was about to place a toll-gate at the intersection of the avenue, whereby public travel would be obstructed and property holders on the avenue would sustain irreparable injury in their property and business: *Held,* that the general grant of power to erect toll-gates could not be exercised in such a manner as to create a nuisance or to materially damage the property of others, and the location of a toll-gate at the place proposed was perpetually enjoined.

4. INJUNCTION—*to prevent the creation of a nuisance—obstruction of a highway by the erection of a toll-gate.* While a court of equity will not interfere, by injunction, to prevent the obstruction of a highway or the creation of a nuisance when the right may be doubtful and there is a remedy at law, yet where the right is clear, and appertains to the public, and an individual is directly and injuriously affected by the obstruction or the creation of a nuisance, it will, on the application of such individual, interfere to prevent the threatened wrong or invasion of the common right.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

This was a bill in equity, brought by Emanuel J. Buresh and John O. Fenloch, residents, property owners and tax-payers of the village of Jefferson, in Cook county, on behalf of themselves and others similarly situated, to enjoin Amos J. Snell from obstructing Milwaukee and California avenues by erecting a gate upon and at the intersection of California avenue. It is alleged that Snell had threatened the obstruction, and had in fact commenced by placing posts upon and at the intersection of said highways. It is also alleged that the avenues are public highways and main thoroughfares of the village of Jefferson, and that for more than twenty years last past the public have been in the uninterrupted use of the same; that there is a toll-gate, where toll has been collected by defendant, about three blocks north-west of the intersection of said avenues and complainants' premises on Milwaukee avenue, which is the first toll-gate on Milwaukee avenue, in said village, north-west of the limits of the city of Chicago, and has been established for many years; that complainants purchased and improved their said properties, and established themselves in business with special reference to and relying upon the unobstructed use of said avenues, and the permanency of the location of the aforesaid toll-gate, which still remains at the location above designated; that the establishment of a second toll-gate at the intersection of Milwaukee and California avenues, between the limits of the city of Chicago and that mentioned as the first toll-gate, is capricious, unjust, unnecessary, wrongful, oppressive and unlawful to complainants, and injurious to their properties, and will cause them irreparable injury by placing their said properties inside the said second toll-gate, and between two toll-gates, thereby greatly depreciating the value of their abutting property, putting down rents and profits received, and diminishing their custom and opportunities for

transacting business at their said places; interfering with the free access to their properties by the erection of such gate, and making a halting place for funerals and other processions of bodies of men and vehicles traveling over said Milwaukee and California avenues, in front of the complainants' premises; that loss of custom by diversion into different channels, and driven from said avenues to other business streets, will cause manifest and irreparable injury. The bill prays that the defendant may be enjoined "from further proceeding in the erection and construction of a toll-gate obstruction, etc., at the point and position aforesaid, or in anywise interfering with the use of said highways and avenues, or either of them, by erecting a new toll-gate thereon, until the further order of the court," etc., and that on final hearing defendant may be enjoined, etc.

The defendant put in an answer to the bill, in which he alleged that said Milwaukee avenue, from its intersection with North avenue to a point several miles beyond its intersection with California avenue, is and has been for more than twenty years last past, prior to filing the bill herein, a part of the toll-road known as the Northwestern Plank Road, and that the use of the public thereof is, and has been during all said time, upon condition of payment of toll as required by law. Defendant also alleges his right to establish and operate a toll-road and toll-gates on Milwaukee avenue, and that said road was established by the Northwestern Plank Road Company, and operated by said company in conformity with its charter; that defendant, by assignment or purchase from said company, as herein stated, in accordance with the statute for such case provided, acquired all the right of said company in and to said Milwaukee avenue.

The complainants filed a replication to the answer, and the cause proceeded to a hearing on the pleadings and affidavits of witnesses, filed by the respective parties. After hearing the evidence, the court rendered a decree as prayed for in the bill, and the defendant appealed.

Mr. FRANCIS W. PARKER, and Mr. FRANK J. CRAWFORD, for the appellant:

The franchise of a corporation may be sold and transferred when such power is positively given by law.  *Coe* v. *Railroad Co.* 10 Ohio St. 389; *Canal Co.* v. *Bonham*, 9 W. & S. 27; *Smith* v. *Canal Co.* 14 Pet. 45; *Arthur* v. *Bank*, 9 S. & M. 431; *Stewart* v. *Jones*, 40 Mo. 141; *Railroad Co.* v. *Railroad Co.* 13 Allen, 422; *Pierce* v. *Railroad Co.* 24 Wis. 551; *Road Co.* v. *Ballard*, 2 Metc. 165; *Canal Co.* v. *Commonwealth*, 50 Pa. St. 407; *State* v. *Sherman*, 22 Ohio St. 428.

The power "to erect and maintain toll-houses and toll-gates" is general.   There is nothing in the charter or any amendment restricting or abridging the power.   Such power has been held to include the right, from time to time, to alter the location of the toll-gates, as necessity may require.   *Fowler* v. *Pratt*, 11 Vt. 369; *Cheshire Turnpike* v. *Stevens*, 10 N. H. 133; *Detroit* v. *Plank Road*, 12 Mich. 333; *Chope* v. *Plank Road Co.* 37 id. 195; *Griffin* v. *House*, 18 Johns. 397.

Acts warranted by law, or authorized by legislative enactment, do not create a public nuisance.   High on Injunction, sec. 523; *McDonald* v. *English*, 85 Ill. 232; *Lake View* v. *Letz*, 44 id. 81.

Mr. J. HENRY KRAFT, for the appellees:

If appellant had discretionary powers regarding the location of toll-gates, he should not be allowed to exercise the same in derogation of the rights of appellees.  *Coggswell* v. *Railroad Co.* 103 N. Y. 10; *Freeman* v. *Railroad Co.* 25 Ch. Div. 423; *Hill* v. *Asylum District*, 4 Q. B. Div. 433; 6 App. Cas. 193; *Railroad Co.* v. *Fifth Baptist Church*, 108 U. S. 317; *Woodruff* v. *Bloomfield*, 18 Fed. 753; *Female College* v. *Cooper*, 25 Ill. 149; *State* v. *Norwalk*, 10 Conn. 157.

That this gate swinging across Milwaukee avenue, with the post planted, (as had already been done,) would be an obstruction to the aforesaid highway, there can be no question, and

it is a nuisance, both public and private, where special damage results. Rev. Stat. (Criminal Code,) sec. 221, p. 419; Woods Law on Nuisances, secs. 257-259; *Hills* v. *Miller*, 3 Paige, 254.

The jurisdiction of the court is predicated upon the ground, that by the obstruction and nuisance aforesaid, irreparable damage and injury would result to complainants' business and property; that multiplicity of suits would arise; that it is a nuisance, both public and private, special damage and injury being alleged and proven. *Green* v. *Oakes*, 17 Ill. 251; *Railroad Co.* v. *Grabill*, 50 id. 241; *Craig* v. *People*, 47 id. 491; *Zearing* v. *Raber*, 74 id. 413; *Cobb* v. *Railroad Co.* 68 id. 233; *Commonwealth* v. *Railroad Co.* 24 Pa. 159.

Mr. Justice Craig delivered the opinion of the Court:

The appellant predicates his right to erect the toll-gate at the intersection of Milwaukee and California avenues, on a provision contained in "An act to incorporate the Chicago Southwestern Plank Road Company," approved February 10, 1849, as follows: "The said corporation is authorized and shall have power to erect and maintain such toll-houses, toll-gates, and other buildings for the accommodation and management of the said road, and the travel and transport thereon, as the said corporation shall deem suitable to its interests."

It is said, in the argument, that appellant is not entitled to claim the benefits of the section of the act; but without entering upon a consideration of that question, for the purposes of this case we shall assume that he has succeeded to the rights conferred on the Southwestern Plank Road Company by the section of the act. But conceding appellant may claim the benefit of the section of the act, the question then arises whether he has the right to so obstruct Milwaukee and California avenues, by the erection of a toll-gate on Milwaukee avenue, in such a manner as to interfere materially with the rights of

the public, and cause irreparable damage to property owners occupying property on California avenue.

Milwaukee avenue, from its intersection with North avenue to a point several miles beyond its intersection with California avenue, (as shown by a plat in evidence,) has been for the past eighteen or twenty years a part of a toll-road, known as the Northwestern Plank Road. There is no doubt but the act under which the plank road incorporation became organized contained a grant of power to erect toll-gates; but the power conferred is only a general grant of authority, under which it will not be presumed that the legislature intended to authorize acts to be done which might result in great injury to third parties. The grant merely authorized a road to be constructed, with authority on behalf of the corporation to erect toll-gates at suitable points on the line of the road, and collect fare or toll from travelers; but there is nothing in the act from which it can be inferred that the legislature intended to authorize the corporation to use its general powers in such a manner as to create a nuisance, or materially damage the property of others. Can the general grant of authority to erect toll-gates be pleaded in justification of the acts of appellant?

A very interesting case on this subject is *Coggswell* v. *New York, New Haven and Harlem Railroad Co.* 103 N. Y. 10, where it was held that the statutory sanction which will justify an injury by a railroad corporation to private property, without making compensation therefor and without the consent of the owner, must be express, or given by clear and unquestionable implication from the powers expressly conferred, so that it can fairly be said that the legislature contemplated the doing of the very act which occasioned the injury. In the case cited it was also held, that where the terms of a statute giving authority to such a corporation are not imperative, but permissive, this does not confer license to commit a nuisance, although what is contemplated by the statute can not be done without. See, also, the following cases, where the same doctrine has

been announced: *Hill* v. *Managers of Asylum District,* 4 Q. B. Div. 433; 6 App. Cas. 193; *Truman* v. *London Railroad Co.* 25 Ch. Div. 423; *Baltimore and Ohio Railroad Co.* v. *Fifth Baptist Church,* 108 U. S. 317.

It is manifest, from an examination of the evidence, that the erection of the toll-gate at the point contemplated by the appellant, would, in a great measure, destroy the value of appellees' property, and interfere materially with their business. Indeed, the act contemplated, if allowed, is but the creation of a nuisance. This, the law will not tolerate, under the pretense of the sanction of a legislative act. While appellant has the right to a free and undisturbed enjoyment and use of all the powers and franchises conferred by the act of the legislature, which authorizes the construction and use of the plank toll-road, yet a fair construction of the act under which he claims, confers no power on him to destroy appellees' property or establish a nuisance adjacent to their property; and while courts of equity will not interfere, by injunction, to prevent the obstruction of a highway or the creation of a nuisance when the right may be doubtful and there is a remedy at law, yet, as said in *Green* v. *Oakes,* 17 Ill. 250, where the right is clear, and appertains to the public, and an individual is directly and injuriously affected by the obstruction or the creation of a nuisance, they will interfere, on the application of such individual, to prevent the threatened wrong or invasion of the common right.

This, in our judgment, is a case which clearly falls within the principle announced, and the decree of the circuit court meets our approval, and it will have to be affirmed.

*Decree affirmed.*