CHRISTIAN HOTZ ET AL.

v.

EUGENE HOYT.

*Injunctions—Highway Commissioners—Diversion of Water from Natural Course—Irreparable Injury—Complainant a Trespasser on Highway no Defense—Court of Equity—Jurisdiction.*

1.   Where public officers under a claim of right are seeking or threatening an improper diversion of surface water to the injury of another, a court of equity has jurisdiction to interfere by injunction to prohibit the threatened injury.

2.   The alleged fact that complainant was a trespasser on the highway was not involved in the case at bar, and, if true, constituted no objection to the granting of the relief sought.

3.   The evidence supports the decree in behalf of complainant, and no error of law appearing, it is affirmed.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of Madison County; the Hon. B. R. BURROUGHS, Judge, presiding.

Appellants were commissioners of highways, township three north, range five, west of the third principal meridian. Appellee is the owner of lands adjoining a certain public highway in said county on the north of said highway, while the lands adjoining the said highway on the south are owned by one John G. Spindler.

This is a bill by appellee against appellants, to perpetually enjoin them from opening a ditch along a public road running east and west on the south line of appellee's land from a natural drain on the west, through an elevation about the center of his land, one-half mile, to the Hoffman branch, a natural watercourse, and thereby diverting the flow of the surface water and carrying it to the east end of his land, where it is low, and the water not having sufficient outlet in said branch to carry off the water, it, in very heavy rains, flows out

over his low land at and near a bridge on said branch, and floods twenty acres of his land and renders it totally unfit for cultivation.    On hearing, the court found the issues for appellee, and rendered a decree perpetually enjoining the defendants, and each of them, and their successors in office, from digging the ditch on the north side of the road in such a way as to change the natural flow of the water from the west and northwest of said hill or elevation, and cause the same to run eastwardly along the south side of said land east of said elevation and into a branch to the east of said land, and known as the Hoffman branch.

The findings of the court and entering decree is assigned as error, as also the admission of evidence.

Mr. A. W. Metcalfe, for appellants.

Messrs. Happy & Travous, for appellee.

Phillips, J.    From the evidence appearing in this record the lands of appellee are the dominant estate.

The surface water falling on appellee's lands flows across the lands of Spindler in its natural course.    That natural flow of the water has been somewhat changed by artificial causes, but both before and since that change, the lands of Spindler have been servient to those of appellee.

It further appears from the record that the proposed action of the appellants in cutting a ditch on the north side of the road would divert the natural flow of the surface water and cause the same to flow through such ditch and along the lands of appellee, where they would be discharged into a stream with a shallow, sluggish current, which in time of floods causes damage to appellee by back-water.    It further appears that such proposed ditch along the north side of the road would materially increase the quantity of water flowing through such sluggish branch, and where discharged into such branch would materially increase and add to the damage to complainant by back-water and overflow.    The evidence in this record further shows, that by so constructing such ditch, access to and egress

from the buildings of complainant to the road would be prevented except by the use of bridges.

To prevent this certain injury, this bill for injunction was filed. It is objected that inasmuch as there is no averment of the insolvency of the commissioners that there is a full and adequate remedy at law, and a court of equity will not interfere, unless an irreparable injury is averred and shown by the evidence. To prevent an injury caused or threatened by an improper diversion of surface water, the remedy by injunction is clearly established. Hicks v. Silliman, 93 Ill. 255; Snell v. Buresh, 123 Ill. 151; Anderson v. Henderson, 124 Ill. 164; Peck v. Herrington, 109 Ill. 611.

And where public officers, under a claim of right, are seeking or ¦threatening an improper diversion of surface water to the injury of another, a court of equity has jurisdiction to interfere by injunction to prohibit the threatened injury. Smith v. Bangs, 15 Ill. 399; Bryon v. City of East St. Louis, 12 Ill. App. 390; Thornton v. Roll et al., 118 Ill. 350.

The fact that the commissioners are solvent or that the damage is difficult of ascertainment will not prevent the interposition of equity.

The cutting of the ditch as proposed by the commissioners of highways would increase the volume of water with which complainant's lands were flooded, and thereby cause him injury, which, though impossible of exact ascertainment of amount, yet is for that very reason in its character irreparable, and is of that nature which courts of equity will prohibit by injunction. Wahle v. Reinbach, 76 Ill. 322. This is not a case of seeking to direct or control the commissioners in working the road, but it is to prevent an abuse of power to the injury of the citizens.

In such case, the jurisdiction in equity is complete. Brush v. The City of Carbondale, 78 Ill. 75.

Further objection is made by appellants that, inasmuch as appellee has a portion of the road inclosed by his fence, that he will not be permitted to come into a court of equity to ask relief, he being a trespasser. The contention between these parties is not as to where the road is, or as to whether any

part of it has been encroached upon by appellee, and that fact not being involved in the case and being a different matter in its nature from that for which appellee seeks relief, there is nothing in the record that authorized appellants to invoke the maxim—"He who asks equity must do equity"—as against appellee.

The objection made to the admissibility of the evidence of the natural course of the water before its flow was changed by artificial causes, long prior to the filing of this bill, is not well taken; as it was proper to show the natural flow, as well as to show that by the artificial change it was still, as in a state of nature, flowing from the complainant's lands in a different direction from the course toward which the appellants sought to direct it.

There was no error in the decree and the evidence sustains the finding of the court. The decree is affirmed.

*Decree affirmed.*