## Consolidated Coal Company of St. Louis

### v.

## Mary Ann Schmisseur.

*Landlord and Tenant—Lease of Coal Lands—Injunction to Restrain Tenant from Unlawful Acts—Damages.*

1. Where a lease of certain premises is for a specific purpose, clearly and definitely stated, and the premises are used for a different purpose, an injunction may be issued to restrain the tenant from such unlawful use, and the amount of damages suffered by the landlord is not the controlling element.

2. Where complainant leased certain lands to defendant's assignor, for the purpose of extracting coal, for a term of thirty-five years, unless the

coal should be sooner exhausted, in which case the lease was to terminate, *held*, that, upon the case presented, an injunction would issue to restrain defendant from removing coal from other lands through the shaft and over the road on complainant's land.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of St. Clair County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.

Mr. CHARLES W. THOMAS, for appellant.

Messrs. W. C. KUEFFNER and GEORGE C. REBHAN, for appellee.

PHILLIPS, J. This is a bill for injunction, filed by Mary Ann Schmisseur against the Consolidated Coal Co., to enjoin it from transporting across or through land of complainant, or through the pit or shaft sunk on complainant's land any coal mined on lands other than complainant's.

It appears from the record that on the 13th day of March, 1873, the complainant was and still is the owner of certain lands in St. Clair county, and on the 13th day of March, 1873, entered into a contract in writing, by which, in consideration of $22,281, paid and secured to be paid by notes and mortgage on the property leased absolutely, sold and conveyed to the Schuremans all the coal underlying her farm in St. Clair county, which contained 15,952 acres, reserving certain specified coal from the lease.

The contract contains this provision: "And for the purpose of enabling said Schuremans to sink pits or shafts and successfully mine and remove said coal, said Schmisseur hereby leases unto them and to their legal representatives, for the term of thirty-five years (unless the said coal shall be sooner exhausted, in which event said lease and the right to mine said coal shall cease and expire), certain portions of said farm, containing in all eleven (11) acres."

The contract then describes the eleven acres. The bill further sets forth that the grantees and lessees went into

possession, sunk a shaft, opened a mine, and mined coal until 1886, when they sold to appellant their interest under the contract, since which time appellant has been in possession and operating the mine. It further appears that appellant acquired over 100 acres of coal lands from Ward and Krelich, adjoining the lands of complainant, and through the entries and openings in complainant's land is removing the coal mined on the Ward and Krelich land, and hoisting the same through the shaft or pit on complainant's land; and is also removing coal mined from the Krelich land through comp'ainant's land, to a shaft on land adjoining complainants, which pit is known as the "Yoch Mine."

It is further alleged in the bill that thereby the term is fraudulently lengthened by the company, and it was fraudulently using the leased premises for a purpose not authorized by the lease, and the complainant sustained irreparable damages, and can not protect her rights at law without bringing a multiplicity of suits.

About one-half the coal under the Schmisseur land has been taken out. The Circuit Court entered a decree enjoining the use of the pit and entries, except for hoisting and removing the coal under complainant's land.

By the terms of the contract the lessee and grantee has thirty-five years in which to remove said coal, but in the event the coal is sooner removed, the lessee must deliver up possession to the lessor of the surface lands leased.

While there is no requirement in this contract that the mining of the coal shall be completed before the expiration of thirty-five years, yet we are satisfied that it was not within the design or contemplation of either party to the contract, that the land and shaft should be used for the purpose of mining coal from other or different lands than those mentioned in the contract.

Where premises are sought to be used for a purpose inconsistent with the terms of the lease, and such use is likely to result in injury to the lessor's right, he may restrain the lessee from such unauthorized use, where his damages can not be adequately ascertained and compensated by proceedings at law.

Consolidated Coal Co. of St. Louis v. Schmisseur.

And where the contract of leasing is certain and determinate, and the contract for the use of the demised premises for a specified purpose is clearly established, and the premises are used for a different purpose, it will afford ground for the interposition of a court of equity by injunction.  Leavers v. Cleary et al., 75 Ill. 349; Steward v. Winters et al., 4 Sandford's Ch., 587.  Nor will it avail against the granting of the writ that the act complained of will be productive of no injury to the complainant.  High on Injunctions, 2d Ed., Sec. 1135; Stewart v. Winters et al., *supra.*

· It is apparent from the record that the use of the premises for any other purpose than for mining the coal under the complainant's farm was not contemplated, and to use the shaft and entries under the surface of complainant's farm for conveyance to the foot of the shaft, to be hoisted, coal mined on other lands than complainants, and hoisting the same to the surface, is not within the terms of the contract and is in conflict with its spirit.   And complainant has a right to resort to a court of equity to prevent the use of the premises leased for a different purpose than that contemplated when leased, and embodied in the contract.

It is insisted, however, that there is no irreparable damage averred or shown.   It is averred in the bill, that while the lease is for the term of thirty-five years, yet if the coal is sooner removed from under complainant's land the lease shall terminate, and thereupon the possession of the eleven acres would revert to complainant.

While there is no requirement that the coal shall be removed earlier than the time limited in the lease, yet it appears that at least one-half of the coal has been removed before one-half of the term has expired, and that not more than one-third of the coal hoisted at this shaft is coal mined under complainant's land; that the averments of the bill do show such injury to the complainant, and that appellants are seeking an undue advantage of complainant, by using her lands and the leased premises, which are more convenient and less expensive in having coal carried to market by the railroad, which crosses her land near the shaft, which makes the facili-

ties for shipping greater than is had by the appellant for the coal under the Ward and Krelich land, and prevents complainant from receiving compensation for right of way over her land, for the carriage of the coal from the Ward and Krelich land.

The advantage to appellant by such use of complainant's land is such that it will cause the use of complainant's land to be continued for the full term of the lease, which, with the same quantity of coal as is now being hoisted, would not result.

The amount of damage is not the controlling question. Commonwealth v. Pittsburg R. R. Co., 62 Am. Dec. 372; Wahle v. Reinbach, 76 Ill. 322.

It was proper for a court of equity to restrain the appellant from such unauthorized and injurious use of the premises leased from complainant.

The decree is affirmed.

*Decree affirmed.*