## M. L. Munie, Appellee, v. Harry Millner et al., trading as Millner Brothers Tire & Vulcanizing Company, Appellants.*

1. NUISANCES—*how equity may relieve against.* Courts of equity have power to give relief against public or private nuisances by compelling abatement or restraining continuance.

2. NUISANCES—*when equity will not intervene.* Equity will use its power with caution to relieve against nuisances and if there is a substantial dispute over law or facts will not intervene until after a trial at law is had.

3. NUISANCES—*when equity will intervene without prior legal decision.* When there is no reasonable doubt that one has a right to relief against a nuisance or that a nuisance *per se* exists, equity will grant relief without requiring a prior resort to legal action.

4. NUISANCES—*when legitimate businesses become.* A legitimate business which becomes so offensive, judged by the feelings of ordinary persons, as to materially interfere with ordinary physical comfort, will be enjoined as a nuisance.

5. NUISANCES—*what conduct of garage constitutes.* Excessive glare of electric lights, operation of an open-air garage, and racing engines and starting trucks outdoors, all in the nighttime close to dwelling houses, constitutes a nuisance which will be restrained by equity.

6. NUISANCES—*what conduct of garage does not constitute.* The operation of a tire press, of a vulcanizing machine, the sale of tires and accessories, and the operation of a filling station, all between the hours of 10 p. m. and 6:30 a. m., even near dwelling houses, held not such nuisances as chancery will enjoin.

Appeal by defendants from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1923. Reversed and remanded with directions. Opinion filed March 10, 1924.

---

* Received from clerk of Appellate Court, August 8, 1927.

TURNER, HOLDER & BULLINGTON, for appellants.

KEEFE, BAXTER & MILLER, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

Appellee filed a bill in the circuit court of St. Clair county, at the April term, 1923, to restrain appellants from operating their gasoline and oil filling station, tire repair shop and open air garage, and from operating their high-power incandescent electric lights in connection with said business, on the ground that such operations constituted a nuisance. A temporary injunction was issued as prayed. Thereafter the bill was amended and an answer was filed thereto by appellants and a hearing was had in open court. On said hearing, the trial court entered a decree modifying said temporary injunction to the extent of permitting appellants to operate their said business from 6:30 a. m. to 10 o'clock p. m., of each day. To reverse said decree, appellants prosecute this appeal.

The record discloses that appellants' business is located at the northeast corner of the intersection of Eighth Street and St. Louis Avenue, in the city of East St. Louis, and fronts on said avenue. Approximately 20 feet east of appellants' property is appellee's two-story frame dwelling. Continuing east on the same side of the street to the next cross street are dwelling houses, while across the street on the opposite corner is a soft-drink parlor, and the remainder of said block is occupied by a grocery store and a number of residences. The vicinity in question is shown to be a business and residential district, the majority of the buildings being residences.

It is contended by appellants for a reversal of said judgment that the business operated by them is not a nuisance *per se,* and that the operation of the same between the hours of 10 o'clock p. m. and 6:30 o'clock a. m., as shown by the evidence, does not constitute a nuisance.

In appellants' tire shop there is a tire press, being a large machine operated by electric power, and a vulcanizing machine, together with such other materials and equipment as are ordinarily found in such repair shops. Appellee testified that loud and unusual noises came from appellants' tire shop, which were by him attributed to the operation of said tire press, which he testified caused his dwelling to tremble and vibrate, creating such a noise and disturbance that the occupants of his dwelling could not sleep and rest at night; that the noise from emery wheels and the vulcanizing machine used by appellants contributed to such disturbance. He further testified that his household was also disturbed by the changing of tires in the open-air garage of appellants, immediately adjacent to his premises, by the noises from pounding and hammering on said tires and rims. He further testified that the running in and out of the service truck or trucks of appellants, immediately adjacent to his premises, the racing of automobile engines and loud, boisterous and profane conversations and language in and about said premises of appellants, at all times of the day and night, contributed to the disturbance and discomfort of the occupants of his dwelling. Further complaint was made by appellee that there were something like 29 incandescent electric lights of high candle-power which burned practically all night, causing the windows of appellee's dwelling to be flooded with light to such an extent that the occupants of said dwelling could not rest at night without pulling down the shades, thereby shutting out the air, to the great inconvenience of appellee and said occupants.

Four witnesses, in addition to appellee, testified on his behalf. Three of said witnesses resided on appellee's premises, and the other resided on the opposite side of said filling station and about fifty (50) feet therefrom. All of said witnesses testified, in

effect, that the operation of said lights by appellants and said open-air garage with the noises incident to changing tires, and the racing of engines, disturbed their peace and quiet so that they could not get their proper rest at night. Only two of said witnesses corroborated appellee with reference to noises caused by the operation of said tire press, vulcanizing machine and emery wheels. The cross-examination of appellee and said witnesses disclosed that none of them had ever, in fact, seen any of said machinery in operation. It was therefore a conclusion on their part as to the source and cause of the noises which they testified to having heard.

Eight witnesses testified on behalf of appellants. All of said witnesses testified that no noise, except a slight grinding clicking of the gears, which could not be heard outside the building unless the doors were opened and a person was standing near the same, came from the operation of said tire press, and that no vibration resulted therefrom. Practically all of said witnesses testified that the operation of the vulcanizing machine caused no perceptible noise. Both of the appellants, and the mechanic who worked for them, testified that said tire press had never been operated at night, except on one occasion when a test was made as to whether or not its operation produced any vibration. Appellants both testified that they had never, during the time in question, operated an emery wheel in said building. Certain of appellants' witnesses resided near their place of business, and they all testified to the effect that no disturbing noises resulted from the operation of the same.

The chancellor's specific findings had only to do with the matter of the lights and the noises emanating from the operation of the open-air garage, the racing of engines, etc. Such findings were followed by the general finding "that the operation of any and every part of the defendants' said business, including the

high-power electric lights after 10 o'clock p. m., standard time, and before 6:30 a. m., standard time, on any day, constitutes and is a nuisance.''

''Courts of equity have power to give relief, whether against public or private nuisances, by compelling their abatement or restraining the continuance of their existence. This jurisdiction was not an original one and is of comparatively recent origin. The general rule is that it is exercised sparingly, with caution, and only in extreme cases,—at least until after the right and the question of the nuisance have first been settled at law.'' *City of Pana v. Central Washed Coal Co.,* 260 Ill. 111–122; 29 Cyc. 1219. If there is a substantial dispute as to the facts or law, and the question is in doubt, a trial at law will be required before equity will intervene. 1 Pomeroy Eq. Rem., sec. 542; *City of Pana v. Central Washed Coal Co., supra.* The general rule, formerly strictly enforced, was that a court of equity would not interfere to restrain a nuisance unless the right so to do was first established in a court of law; but this rule has been somewhat relaxed in modern times, and when the case is clear, so as to be free from substantial doubt as to the right to relief, or it is evident that a nuisance *per se* exists, equitable relief may be granted without first resorting to an action at law. *Village of Dwight v. Hayes,* 150 Ill. 273, 1 High Inj. (3d Ed.), sec. 748; 29 Cyc. 1230; *City of Pana v. Central Washed Coal Co., supra,* 124; *Wahle v. Reinbach,* 76 Ill. 322, 327. Applying these principles to the issues involved in this case, we are of the opinion and hold that the order enjoining the operation of the whole of appellants' business between the hours of 10 o'clock p. m. and 6:30 o'clock a. m. was too broad. The evidence wholly fails to support the injunction issued so far as the operation of the tire press, the vulcanizing machine, the sale of tires and accessories, and the operation of the filling station is concerned. The findings of the chancellor, to the effect that the

lighting system maintained by appellants and the operation of their open-air garage between the hours of 10 o'clock p. m. and 6:30 o'clock a. m. constitute. a nuisance, are clearly supported by the evidence. As to the operation of appellants' service trucks during the time in question, we are of the opinion that appellants should also be restrained from starting the engines on said trucks near appellee's residence. The racing of the engines in connection therewith would necessarily be disturbing to the rest of the occupants of said dwelling, and said service trucks should be kept within appellants' garage and the engines started therein, when used at night. If this were done, the noises resulting therefrom would not be disturbing to the ordinary person outside of said garage building. It is contended by counsel for appellants that the business conducted by appellants is a legitimate business, and that the disturbance resulting therefrom is a necessary incident of such business, and that no part thereof should be enjoined, either day or night.

It does not necessarily follow that because a man's business is a legitimate business that its operation, under certain circumstances, may not be such as to amount to a violation of the rights of others, to such an extent that it may be enjoined. In *Phelps v. Winch,* 309 Ill. 158, the court, at page 163, in quoting from the case of *First M. E. Church of City of Cape May v. Cape May Grain & Coal Co.,* 73 N. J. Eq. 257, says: "While defendant is entitled to the enjoyment of its property in the pursuit of a lawful business, that business must be conducted with due regard to the well-recognized rights of surrounding property owners. When such business becomes creative of conditions which clearly render the appropriate enjoyment of surrounding property impossible, the rights of others are invaded, and equity will restrain the persistent pursuit of such injuries. * * * The law takes care that lawful and useful business shall not be put a stop

to on account of every trifling or imaginary annoyance, such as may offend the taste or disturb the nerves of a fastidious or over-refined person; but, on the other hand, it does not allow anyone, whatever his circumstances or condition may be, to be driven from his home or to be compelled to live in it in positive discomfort, although caused by a lawful and useful business carried on in his vicinity." And in *Laflin & Rand Powder Co. v. Tearney*, 131 Ill. 322, being a case cited by appellants, the court says, page 326: "A private nuisance is defined to be anything done to the hurt or annoyance of the lands, tenements or hereditaments of another. (3 Bl. Com. 216.) Any unwarrantable, unreasonable or unlawful use by a person of his own property, real or personal, to the injury of another, comes within the definition stated, and renders the owner or possessor liable for all damages arising from such use." Citing *Heeg v. Licht*, 80 N. Y. 579. In *Oehler v. Levy*, 234 Ill. 595, the court, at page 601, says "In *Wahle v. Reinbach*, 76 Ill. 322, on page 327, it was said: 'Whatever is offensive, physically, to the senses, and by such offensiveness makes life uncomfortable, is a nuisance.' And in *Wente v. Commonwealth Fuel Co.*, 232 Ill. 526, on page 533: 'If a business is offensive to such a degree as to materially interfere with ordinary physical comfort, measured, not by the standard of persons of delicate sensibilities and fastidious habits, but by the habits and feelings of ordinary people, and the damages are of a nature which cannot be adequately compensated for in an action at law, a court of equity will grant an injunction.' And in *Chicago, Milwaukee & St. Paul Railway Co. v. Darke*, 148 Ill. 226, on page 232: 'It cannot be doubted that at common law mere noise in the immediate vicinity of the premises, and especially of the dwelling house of a land owner, may be of such character as to constitute an actionable nuisance, remediable by an action on the case for damages or by injunction.' "

For the reasons above set forth, the judgment of the trial court will be reversed and the cause will be remanded with directions to modify the permanent injunction so as to limit the same to the enjoining of said open-air garage, the lighting system except as to sufficient lights for filling station, and restraining the racing of engines on the part of appellants or their employees, or permitting the same to be done by others on their said premises, and limiting the operation of appellants' service trucks as hereinabove indicated.

*Reversed and remanded with directions.*