Bruno Mitchell and Amelia Mitchell, Defendants in Error, v. Boleslaw Wengelewski and Victoria Wengelewski, Plaintiffs in Error.

Gen. No. 34,482.

 Heard in the first division of this court for the first district at the October term, 1930. Opinion filed December 22, 1930.

COBURN, KEARNEY & COBURN, for plaintiffs in error; MARSHALL V. KEARNEY, of counsel.

JOSEPH P. HECTOR, for defendants in error.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This is a writ of error by defendants to reverse a decree which enjoined and restrained them from the installation of a tank or tanks for the storage, use, sale or distribution of inflammable materials upon certain premises in the City of Chicago owned by them

and which commanded them to remove therefrom certain tanks and materials which had been placed thereon pending the litigation.

The premises in question are situated at the southeast corner of South Kedzie Avenue and Forty-third Street, and complainants are the owners of two adjoining lots. The bill is based on section 2279 of the Chicago Municipal Code of 1922, as amended, which in part provides:

"It shall be unlawful to install any tank or tanks for the storage of any of the liquids mentioned in Section 2277 in any lot or plot of ground without first obtaining the written consents of the property owners representing the majority of the total frontage in feet of any lot or plot of ground lying wholly or in part within lines 150 feet distant from and parallel to the boundaries of the lot or plot of ground upon which said tank or tanks is or are to be installed."

The bill alleges that defendants presented to the authorities of the City of Chicago documents purporting to contain the written consents of the owners of the frontage; that they represented that the signatures therein were procured by the free and voluntary act of the owners; that thereby defendants secured from the departments of the city permits for the erection of the gas and oil filling station and for the installation of a tank or tanks; that defendants pretending to comply with the ordinance segregated a plot of ground 16 by 25 feet on the southeast corner of the lot on which the gas station was to be placed and construed the ordinance to mean that the required frontage was limited to an area lying wholly or in part within lines 150 feet distant from and parallel to this segregated part of said lot; that thereby they excluded the requisite consents of the owners of property fronting on South Kedzie Avenue, Archer Avenue and West Forty-third Street directly opposite said proposed filling station.

The bill alleges that the permits were procured fraudulently; that they would never have been issued by the city if the true facts had been disclosed, and that the city should be authorized and compelled to cancel and revoke the permits.

The bill further alleges that in order to properly operate such gas and oil filling station, driveways must be built leading therefrom to the streets adjacent; that article 2 of chapter 72 of the Chicago Municipal Code of 1922 provides *inter alia* that no person, firm or corporation shall thereafter construct, build, establish or maintain driveways which depress or elevate the established grade of public sidewalks from, across and upon public sidewalks, without first obtaining an order or permit to do so from the city council; that defendants never obtained such permit.

It is further averred that West Forty-third Street and South Kedzie Avenue are used almost exclusively for residence purposes; that all of the properties are improved with homes, flat and apartment buildings, occupied by families, in which many children of tender years reside; that South Kedzie Avenue is zoned for business but many of the buildings are homes and contain apartments located above the stores; that the southeast corner of Forty-third Street and Kedzie Avenue is in a large populated district; that many children, as well as old people, pass the corner at all hours of the day and night; that a large part of the residents and property owners in and adjacent to this neighborhood are opposed to the erection and operation of such gas and oil filling station; that they made complaint to the respective departments of the City of Chicago and called attention to the misrepresentation and fraud practiced in the procurement of written consents, repeatedly protested to the respective departments of the City of Chicago and requested defendants to desist from further proceeding with the erection of the gas

and oil filling station, but that defendants have continued the erection thereof, although complainants have requested the Commissioner of Buildings and other department superintendents to exercise the powers granted to them to stop and prevent the erection of such station; that complainants fear that defendants will proceed and that these superintendents will refuse to interfere unless restrained by injunction.

The bill sets up that complainants live in a one-story frame home, the bedrooms of which are on the north side thereof, adjacent to and connected with the site of the proposed gas and oil filling station; that the erection of the same at the proposed location will render their home untenantable and will endanger the lives of women and children necessarily passing the premises in going to and from the stores and the public schools which are in close proximity to the same; that the construction of the station will increase the fire risk, decrease the value of all property in the immediate neighborhood, and particularly that of complainants, and make the same almost unsalable; that the gas and fumes emitted from automobiles of customers coming upon the premises of the station for the purpose of purchasing gasoline, oil and other commodities, as well as noise made by the operation thereof, would make the home of complainants untenantable and impossible to rent, thereby causing irreparable damage; that this would result in damages not susceptible to exact computation, and that complainants have no adequate remedy at law.

The City of Chicago answered that it had no direct interest in the outcome of the litigation and asked the protection of the court, submitting itself to the jurisdiction thereof.

The other defendants answered admitting the existence of the ordinance and asserting that they secured a permit giving them the right to proceed with their

work, and that they received a majority of the genuine signatures of the owners of frontage required by the ordinance. They expressly deny that they have not complied with the ordinance; that they procured the consents by misrepresentation, fraud or otherwise, or that they excluded the requisite consent of the owners of property fronting South Kedzie Avenue and Forty-third Street, as was alleged in complainants' bill.

The answer also in general denies the averments of the bill with reference to the vicinity of West Forty-third Street and South Kedzie Avenue; avers that the same is zoned for commercial purposes, and denies that the erection of the gas station rendered the home of complainants untenantable or endangered the lives of the residents.

The cause was heard by the chancellor in open court, and on December 24, 1929, a decree was entered finding that defendants had made application to the city for a permit or license; that they had not obtained and did not obtain the written consent of the property owners representing the majority of the total frontage in feet of any lot or plot of ground lying wholly or in part within the lines 150 feet distant from and parallel to the boundary of the lot or plot of ground in question; that in violation of the ordinance defendants had installed two tanks of the capacity of 500 gallons and had filled the same with gasoline; that defendants perpetrated a fraud in and about the procuring of the permit; that the equities of the cause were with complainants and an injunction was directed as hereinbefore set forth.

Defendants do not argue that any one of the findings of fact as stated in the decree is against the manifest preponderance of the evidence. They seem to rely on legal propositions. They assert that filling stations and gasoline tanks have become necessary to city life

and are not nuisances *per se,* citing *Munie v. Millner,* 245 Ill. App. 257, and *Continental Illinois Bank & Trust Co. v. Standard Oil Co.,* 257 Ill. App. 425, both of which cases so hold. They further contend that the owner of land who seeks to enjoin the installation on adjoining property of gas tanks in connection with a gasoline filling station can recover, if at all, only on the ground of special damage, and cite *Nelson v. Milligan,* 151 Ill. 462; *City of Pana v. Central Washed Coal Co.,* 260 Ill. 111, and *Continental Illinois Bank & Trust Co. v. Standard Oil Co.,* 257 Ill. App. 425, all of which sustain the proposition as stated.

These propositions of law are well settled and are not controverted, but the same are not controlling in this case for the reasons that the findings of the decree, which defendants do not controvert, are to the effect that the ordinance was not complied with in obtaining a majority of the frontage consents as provided and for the reason that the averments of the bill, as already recited, show that complainants claim special damage which was sustained by the proofs.

The ordinance in question was held to be valid in *Standard Oil Co. v. Kamradt,* 319 Ill. 51. In *Hoyt v. McLaughlin,* 250 Ill. 442, it was held that proof that the alleged nuisance would depreciate the rental value of complainants' building and lower the class of tenants which he might be able to obtain was a sufficient showing to establish special damage as distinguished from public injury. In *Dunne v. Rock Island County,* 283 Ill. 628, the construction of a jail near a parochial school in violation of an ordinance was enjoined. The cases are collected in a note to par. 28, 32 Corpus Juris 49.

Defendants cite *Springer v. Walters,* 139 Ill. 419, and *Joseph v. Wieland Dairy Co.,* 297 Ill. 574, both of which hold that a private property holder may not interfere to enjoin an injury threatened to purely public rights.

These cases are distinguishable in that here not only public rights but private rights as well are threatened.

There is no error in the record and the decree is therefore affirmed.

*Affirmed.*

McSurely and O'Connor, JJ., concur.