THE CITY OF ST. LOUIS, Respondent, *v.* DAVID F. KAIME, Appellant.

### April 10, 1876.

1. When premises are occupied by a tenant, an agent of the owner cannot be proceeded against under a municipal ordinance for failing to remove a nuisance therefrom.

2. The tenant's possession and control of leased premises are inviolable by the landlord or his agent, except for purposes pertaining to the preservation of the freehold.

8. Power given by charter to the mayor and council of the city of St. Louis "to provide by ordinance for the abatement of nuisances and the preservation of the public health," will not sustain an ordinance made under color thereof, or authorize an interpretation of such an ordinance to an effect which would be in violation of the laws of the State.

APPEAL from St. Louis Court of Criminal Correction.

*Reversed and dismissed.*

*Fisher & Rowell,* for appellant, cited : Taylor's L. & T., secs. 174, 178, 345 ; Dill. on Mun. Corp. 253, 254, 259 ; Shaw *v.* Cummisky, 7 Pick. 76 ; Gibbons on Dil. and Nuis. 506 ; Whart. Cr. Law, secs. 2436, 2437 ; Hill. on Torts, 600 ; Pickard *v.* Collins, 23 Bos. 444 ; People *v.* Townsend, 3 Hill, 479.

*T. J. Cornelius,* for respondent, cited : Rev. City Charter, Art. 3, sec. 1 ; 1 Dill. on Mun. Corp. (2d ed.) 405, sec. 303 ; State *v.* Hays, 13 Mo. 246 ; State *v.* Canton, 43 Mo. 48.

LEWIS, J., delivered the opinion of the court.

Defendant was charged, in the St. Louis Police Court, with a violation of city ordinance No. 8982, relating to nuisances. He was found guilty and fined $20. An appeal to the Court of Criminal Correction resulted in a fine of $5.

The 1st section of the ordinance in question provides that : " Whoever shall create, commit, permit, or continue a nuisance of any kind, nature, or description in, upon, or about any private or public property within the limits of

the city of St. Louis,   \*   \*   \*   is hereby declared guilty
of a misdemeanor, and, upon conviction, shall be punished
by a fine of not less than $5 nor more than $500." The
2d section authorizes an entry by the police upon any
premises for the purpose of examination, and "to direct
the owner, agent, or occupant of the premises, by written
notice, to forthwith remove, discontinue, or abate" any
nuisance there found. It further declares that: "Whoever
shall fail, neglect, or refuse to remove, discontinue, or abate
a nuisance on premises of which he is the owner, agent, or
occupant, within forty-eight hours after the service upon
him of the notice mentioned,   \*   \*   \*   shall be deemed
guilty of a misdemeanor," etc.

The charge was made against defendant under the 2d
section. By an agreed statement of facts it appears that,
at the time of the alleged dereliction, defendant was agent
for the owner of the premises described in the complaint,
for the purpose of collecting the rents; that said premises
were then in the occupancy of tenants, and that a nuisance,
in the shape of a filthy cellar, was upon them; that the
defendant was served with notice, according to the ordi-
nance, but failed to remove the nuisance. 'Instructions to
the general effect that, under such circumstances, the city
could not recover, were asked for by the defendant and
refused by the court.

The determination of a single question will dispose of
all others presented on this record. Can a mere agent of
the owner of the fee simple be held punishable, under the
city ordinance, for failure to enter upon premises in the
lawful possession of a tenant, in order to abate a nuisance
within the tenant's exclusive control for the time being?
The simple statement of the question seems to furnish its
answer. When an owner lets to a tenant, he surrenders
the entire possession and control for the term, having then
no more right of entry than any stranger, unless for cer-
tain exceptional purposes affecting his future enjoyment of

the freehold. Outside of such purposes, the tenant may resist his invasion of the premises as a violation of the law which protects the domicile against the world. The agent, of course, can have no greater right than the owner. This is the law of Missouri. If the ordinance, in language or effect, proposes to command a violation of this law, and to denounce penalties for a failure so to violate it, then the ordinance is so far a nullity. Such, however, appears to have been the practical interpretation applied to the ordinance in the courts below.

It would be more reasonable to adopt an interpretation which will leave the ordinance in force. The person having the actual occupancy or control of any premises is alone responsible for a private nuisance maintained thereon. If there be a tenant or occupant, he is the party to whom the penalty will attach if he fail to obey the notice and direction provided for by the municipal regulation. If there be no occupant, then the actual control is in the owner or his agent, or both, and to him or them the ordinance will apply. This interpretation will fully effectuate the intent of the municipal legislation, and is the only one capable of avoiding collision with the charter stipulation that city ordinances shall be " not inconsistent with any law of the State."

We need not discuss the proposition that this ordinance is valid, even in the interpretation claimed for the city, because the charter expressly gives power to the mayor and council to provide, by ordinance, for the abatement of nuisances and the preservation of the public health. This power is not exempted from the rule that even a lawful object must be accomplished in a lawful way. The objects of the ordinance may be unexceptionable; but, if the method of reaching them be unlawful, that method must be abandoned for one which is not so. All the judges concurring, the judgment is reversed and the cause dismissed.