PEOPLE *v.* KENT.

1. Nuisances—Criminal Liability—Landlord and Tenant

The owner of premises in possession of a tenant is not criminally liable under an ordinance prohibiting the maintenance of any nuisance on any premises, since a construction holding him liable would hold him liable for a condition which he would have no right to abate.

2. Criminal Law—Joinder of Defendants.

The conviction of tenants jointly with the owners of property of the offense of maintaining a nuisance thereon is not an error prejudicial to the tenants, though the owners should not have been convicted.

3. Same—Partners—Individual Fines.

Where partners are prosecuted jointly for maintaining a nuisance on partnership property, there is no error in imposing a fine upon each of the partners individually.

Error to recorder's court of Detroit; Connolly, J. Submitted October 9, 1907. (Docket No. 5.) Decided February 15, 1908.

C. A. Kent, Bryant Walker, Mark Sloman, Milton Sloman, and Samuel A. Sloman were convicted of violating an ordinance, and each sentenced to pay a fine of $25. Affirmed as to defendants Sloman, and reversed as to defendants Kent and Walker, and said defendants discharged.

*Walker & Spalding*, for appellants Kent and Walker.

*Sloman & Sloman*, for appellants Sloman.

*Bernard F. Weadock* ( *Timothy E. Tarsney*, of counsel), for the people.

McAlvay, J. Defendants Kent and Walker, trustees of the Buhl estate and owners of the premises involved,

and Mark Sloman, Milton Sloman, and Samuel A. Sloman, doing business as M. Sloman & Co., their tenants in possession, were prosecuted jointly before the recorder's court of the city of Detroit for violation of a city ordinance. They were tried before the court without a jury, all found guilty and each fined the sum of $25.

The trustee owners and tenants have each come to this court on writs of error. The section of the ordinance under which the prosecution was had reads:

"SECTION 5. No owner or occupant or other person, having the control or management of any grocery, * * * stable, barn, privy, sewer or other building or place, shall allow any nuisance to exist or remain on the premises of such owner or occupant or premises of which such other person has the control or management; nor shall any person, persons or corporation owning or occupying any public or private street, alley, way or any premises whatever, or having control or management thereof, within the limits of the city of Detroit, create or maintain any nuisance thereon."

The complaint in the case made December 13, 1906, charges that on said date defendants, naming them, "being the owners and occupants respectively of said premises, did then and there unlawfully and wilfully allow a nuisance to exist and remain on said premises, said nuisance consisting of foul, nauseous and unhealthy odors emitted from stagnant pools of water or sewage underneath said building, which aforesaid odors are injurious to the public health, * * * and contrary to the provisions of the ordinances of said city" (citing the ordinance).

The tenants, Sloman & Co., went into possession of these premises October 1, 1906, under a written lease for a term of five years to be occupied for business purposes, with no covenants as to the condition of the premises or as to repairs, and continued in sole and exclusive possession and control at the time complaint in this suit was made.

It will not be necessary to state fully other facts in the

case. An extract from the opinion of the court will indicate the theory upon which he held defendants jointly guilty. The court said:

"As a proposition of fact, this court is not prepared to say that this particular nuisance has been created by either the lessees or lessors alone. The dripping and overflow from the old faucet, and the seepage of the water therefrom into the ground, and the percolations of water into the ground before the Sloman tenancy, may be fairly considered to have contributed as much to the existence of this nuisance as the installation of the new sanitary conveniences by the defendants Sloman, the use of which was abandoned almost immediately after their installation, because the defendants Sloman found that the water backed up from the crock drain. * * * It is sufficient for this court to know that * * * the health of this community is seriously endangered by the joint act of all the defendants producing a condition for which in the contemplation of this ordinance all are responsible."

It will be observed that the dripping of the water from the faucet occurred before the Sloman tenancy, and that the trustees had no part in putting in closets which discharged under the building. The trustees insist that, as a matter of law, under this complaint and the admitted facts, the court erred in holding them guilty.

The complaint charges "that they did allow a nuisance to exist and remain on said premises." The ordinance states:

"No owner or occupant or other person having the control or management [of premises] shall allow any nuisance to exist or remain on the premises."

A fair construction of this language is that it is directed to these classes of individuals, to wit, owners, occupants, or other persons, who at the time have the control or management of the premises and allow a nuisance to exist and remain thereon.

The construction contended for on the part of the people is that the amendment "or other person having the control or management" was added for the purpose of en-

larging the scope of the ordinance to reach agents of non-resident owners, and that control or management is confined solely to that class, and that the prosecution in this case is permissible against the owners and tenants jointly. Under the charge in the complaint we do not so hold, for the reason that such construction would hold the owner liable for a condition he would have no right to abate. The entire possession and control of these premises were in Sloman & Co., tenants. The owner, for such purpose, would have no more right to enter than a stranger. No ordinance can be held valid which commands a violation of law. *City of St. Louis* v. *Kaime*, 2 Mo. App. 66. The owner or any other person mentioned in this ordinance as amended who is not the occupant in possession and control of premises cannot be held guilty of allowing a nuisance "to exist and remain" on such premises. The court was in error in this case in adjudging the trustee owners guilty.

Sloman & Co., tenants in possession, complain that the court erred:

1. In finding them guilty as charged.
2. In finding them guilty jointly with the owners.
3. In imposing a fine upon them severally.

The judgment of the court was supported by the undisputed facts as far as the tenants were concerned.

The conviction of the tenants jointly with the owners in this case was not an error prejudicial to them. It was not error for the court to impose a fine of $25 upon the tenants individually.

The judgment of the court below as to Sloman & Co. is affirmed in all respects, and as to C. A. Kent and Bryant Walker said judgment is vacated and set aside and they are discharged from further prosecution.

GRANT, C. J., and BLAIR, MONTGOMERY, and CARPENTER, JJ., concurred.