BESSIE MILLER *vs.* ANNA FISHER.

*Landlord and Tenant—Liability of Landlord to Third Parties
for Defective Premises.*

When the premises rented are, at the time of the renting, a nui-
sance, in that refuse matter and surface water are not con-
fined in drain pipes, but are allowed to flow upon the adjoin-
ing premises, then the landlord is liable for such nuisance,
although not in possession.

If a landlord, although not in possession, undertakes, without
being bound to do so, to repair the premises by putting in a
new drain pipe, but does so in such a manner that the refuse
matter and water flow upon the adjoining property, he is
liable for the injury so occasioned.

*Decided June 30th, 1909.*

Appeal from the Superior Court of Baltimore City (HAR-
LAN, C. J.)

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, SCHMUCKER, BURKE, THOMAS, WORTHINGTON and
HENRY, JJ.

*O. Parker Baker* and *George E. Robinson,* for the appel-
lant.

*Emanuel E. Ottenheimer* (with whom was *Adair W. Her-
man* on the brief), for the appellee.

WORTHINGTON, J., delivered the opinion of the Court.

The appellant and appellee in this case are the owners of
adjoining properties, located on Dallas Street in Baltimore
City.

The suit was brought by the latter against the former to recover damages for alleged injuries caused to plaintiff's property by the overflow, from alleged defective and insufficient drainage pipes of the defendant, of foul and polluted waters toward and upon the property of the plaintiff.

The material allegations of the declaration are substantially as follows: That during a period of time beginning on or about the 1st of June, 1906, and continuing to December 3, 1907, the defendant created, continued and maintained a nuisance on his premises, and was still continuing and maintaining said nuisance, to wit, a broken, disconnected and entirely insufficient drain and drainage pipes to properly carry off the refuse water, waste and filth from the various portions of the defendant's property, and that refuse matter and surface water from defendant's premises were not properly confined in suitable drain pipes, but were absorbed into the earth and permeated, passed and flowed along and through the earth towards and in the direction of the plaintiff's property, and made their way into the yard and dwelling rooms of the plaintiff, thereby filling the houses with impure, obnoxious and polluted water in great and continued volume, and causing the plaintiff's property to become so tainted and foul with unhealthful and impure air and gases, as to render it dangerous to inhabit the houses, and further causing said property to depreciate in value.

The declaration also alleged that both the defendant's and plaintiff's properties were, during the existence of the nuisance complained of, occupied by tenants; that notice had been given defendant of the existence of the nuisance and the injury sustained thereby, but that defendant failed to abate the nuisance, but negligently repaired the insufficient drains, and refused to supply sufficient drains to carry off the waters from her premises, so as to prevent injury to the plaintiff's property.

A demurrer was entered to the declaration, upon the ground that, as it appeared by the declaration that the defendant's premises were occupied by tenants, the landlord was not re-

sponsible for any defects therein, unless it was shown that such defects existed prior to the beginning of the tenancy, and that the landlord had or ought to have had knowledge of the same, citing *Taylor on Landlord and Tenant,* page 175, where it is said by that author: "Possession of property is what determines liability. When the owner has parted with his control, the tenant has the burden of the proper keeping of the premises, and for any nuisance then found thereon, the tenant is the party responsible, and not the landlord."

This is undoubtedly well-established doctrine, and so recognized by this Court. *Smith* v. *Walsh,* 92 Md. 518.

But it is also true that where injuries result to a third person from the faulty or defective construction of the premises at the time of their rental, or because they then contain an incipient nuisance, which only becomes active by the tenant's ordinary use of the premises, the landlord is still liable notwithstanding the lease. *Taylor, L. & T.,* sec. 175.

In this case the allegations of the declaration are to the effect that the defendant "created, continued and maintained a nuisance" on the demised premises, and is "still continuing and maintaining said nuisance." Such allegations were sufficient to justify the learned Judge in the Court below in overruling the defendant's demurrer, in so far as it was based upon the contention that the tenant alone was responsible for any injury resulting from the maintenance of a nuisance on the premises occupied by him, and no objection to the declaration, based on any other ground, appears to have been made thereto.

We think the lower Court was also right in overruling the defendant's demurrer to the evidence, because it appears from the testimony that complaint was made to the husband of the defendant, and that he, as her agent, undertook to repair the defective drain. Also that the wooden trough which he caused to be put in position to carry off the refuse and waste water was improperly connected with the gutter, so that the water escaped and soaked into the ground at that place.

It was also shown that the grade was from defendant's lot toward that of the plaintiff; that the rear of plaintiff's premises had been overflowed with water, and that the wall of the plaintiff's house next to the defendant's lot was damp and the floor wet.

Here, then, was evidence to show that, although the defendant's premises were at the time of the injury complained of occupied by tenants, that yet the defendant's husband, as her agent, undertook to repair the drain by putting in a new trough, but did it so imperfectly as not to improve the conditions; the water still soaking into the ground by reason of the defective connection of the wooden trough with the gutter, and penetrating the earth towards the plaintiff's property.

Two principles of law governing the responsibility of a landlord for injuries caused by a nuisance maintained on his rented premises are very clearly enunciated in the case of *Owens* v. *Jones,* 9 Md. 108, where this Court, speaking by Le Grand, C. J., said:

"1. That where property is demised, and at the time it is not a nuisance, and becomes so *only* by the act of the tenant while in possession, and injury happens during such possession, the owner is not liable. 2. That where the owner leases premises which are a nuisance, or must in the nature of things become so by their user, and receives rent, then, whether in or out of possession, he is liable."

A third principle equally well established is that, although a landlord, in the absence of a covenant to that effect, is ordinarily not bound to repair, yet if he assumes to do so and perform the work so negligently as to cause an injury thereby, he is responsible. *Taylor, Landlord and Tenant,* sec. 175; *McHenry* v. *Marr,* 39 Md. 510. So that in this case whether the injuries complained of were caused by the original faulty construction and condition of defendant's premises which by the tenant's ordinary use of them subsequently developed the nuisance, or by the defendant's negligent and ineffectual effort to repair, in either event the defendant would be responsible.

We have examined the exceptions to the testimony and find no error in the rulings of the trial Court in regard thereto.

There is testimony in the record to the effect that the first floor of the dwelling-house on plaintiff's premises is eighteen inches lower than the yard; that the yard slopes toward the house, and that the first floor of the house has always been damp, and when it rains the water would stand on the floor in pools from the water from the roof.

But this testimony was submitted to the jury in connection with that on behalf of the plaintiff, and it was for the jury to determine the cause of the injury from all the evidence, under proper instructions from the Court.

We have examined the several prayers offered by the respective parties and think the case was properly submitted to the jury by the instructions actually granted, and that there was no error in rejecting the first, fourth, sixth and seventh prayers of the defendant.

The judgment must be affirmed.

*Judgment affirmed with costs.*