THE CITY OF CHICAGO, Defendant in Error, *vs.* FRED H. ATWOOD, Plaintiff in Error.

*Opinion filed October 27, 1915.*

1. NUISANCES—*when an ordinance need not define condition which shall be a nuisance.* It is not necessary that an ordinance requiring hopper-closets, when found to be a nuisance, to be removed shall define the physical condition which shall constitute a nuisance; nor need the ordinance specify who shall find the nuisance, as the words "found to be a nuisance" mean found, discovered or perceived to be a nuisance by anyone affected thereby.

2. SAME—*who shall remove a nuisance.* Where an ordinance requires that a hopper-closet, when found to be a nuisance, shall be removed, the person who shall remove it is necessarily the person who allows it in the building and has authority to remove it.

3. SAME—*when the landlord is responsible for nuisance created and allowed to be maintained in building.* If premises are let with a nuisance on them, the landlord, and not the tenant, is liable for an injury caused by such nuisance.

4. SAME—*when removal of a nuisance not considered as a repair of premises.* Where a nuisance is a fixture and part of the building itself, its removal and the substitution of a fixture of a different kind cannot be considered ordinary repairs to the premises which a tenant would be required to make.

5. SAME—*when landlord should provide right of entry in the lease so as to remove nuisance.* Where it is the duty of the landlord, alone, to remove the nuisance in his building, he should have a right of entry for such purpose inserted in the lease.

6. SAME—*when landlord not entitled to notice to remove nuisance.* Where the landlord is bound, under the provisions of an ordinance, to remove a certain type of water-closet if it should become a nuisance, he is not entitled to notice to do so.

7. SAME—*when instruction defining a nuisance should not be given.* An instruction which tells the jury that "a nuisance is anything that works hurt, inconvenience or damage," is an abstract proposition of law and ought not to be given.

8. SAME—*when modification of an instruction is error.* An instruction stating that "if the water-closets are kept in a reasonably clean and sanitary condition that is all that is necessary under the law and the ordinances," should not be modified by inserting the words "and are not nuisances," after the word "condition."

9. SAME—*water-closets not detrimental to health may nevertheless constitute nuisance.* Noisome odors, alone, may make water-closets a nuisance, and an instruction requiring their condition to be detrimental to health in order to be a nuisance is erroneous.

10. EVIDENCE—*when error of court as to admission of evidence is harmless.* Error in admitting in evidence copies of notices to the defendant, which copies were not admissible because of the insufficiency of preliminary proof, is harmless, where the defendant was not entitled to notice in order to be held liable.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding.

FRANK B. PEASE, CHARLES O. LOUCKS, and VERNON R. LOUCKS, (GEARY V. STIBGEN, of counsel,) for plaintiff in error.

RICHARD S. FOLSOM, Corporation Counsel, and HARRY B. MILLER, Prosecuting Attorney, (MARSHALL SOLBERG, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This was an action by the city of Chicago to recover a penalty for an alleged violation of section 1880 of the Chicago code of 1911, which is as follows:

"*Prohibited closets—Removal.*—Pan, plunger, offset, washout-range closets and wash-out latrines shall not be allowed in any building, nor shall hopper-closets be installed in any building hereafter erected. Such closets, when found to be a nuisance, shall be removed, or when the same are removed for repairs they shall not be again installed," etc.

A fine of not less than $25 nor more than $200 is provided for a violation of the ordinance. The case was tried by a jury, which found the defendant guilty and assessed a fine of $50 against him. Judgment was rendered on the verdict, and a judge of the municipal court having certified that the validity of a municipal ordinance was involved and that in his opinion the public interest so require, the defendant has sued out of this court a writ of error.

The ordinance has been in force since March 23, 1905. The plaintiff in error then owned, and has ever since owned, a three-story building at 3100-3102 North Racine avenue, having on the first floor two stores with living rooms in the rear, and two flats above each store. In the living rooms back of each store was a water-closet for the exclusive use of the occupants of the store and connecting living rooms. The closet rooms were of sufficient size, and each had a window of sufficient size opening into an air-shaft running to the roof and covered with a sky-light, with a ventilator at each end. All the water-closets in the building opened on the air-shaft. There was a serious conflict in the evidence, but there was evidence tending to

show that the conditions were such as to constitute a nuisance. The first-floor closets were hopper-closets. They had been installed before the passage of the ordinance and the premises had been leased to the tenants by the plaintiff in error after the passage of the ordinance. The offense charged was permitting water-closets to remain on the premises which had become a nuisance.

It is contended that the ordinance is indefinite, and therefore invalid, because it does not ordain who shall remove the closets or who shall find the closets to be a nuisance, and does not define the physical conditions which shall constitute the closets a nuisance. The language, "such closets, when found to be a nuisance, shall be removed," etc., does not require a judicial or official finding. The words, "found to be a nuisance," mean found, discovered or perceived to be a nuisance by anyone affected by the nuisance. It is not necessary that the ordinance should define the physical condition which shall constitute a nuisance. "Whatever is offensive, physically, to the senses, and by such offensiveness makes life uncomfortable, is a nuisance." (*Wahle* v. *Reinbach,* 76 Ill. 322; *Oehler* v. *Levy,* 234 id. 595.) The existence of such offensive condition was essential to the recovery and the burden of proving it rested upon the city. The person who shall remove the closet when found to be a nuisance is necessarily the person who allows it in the building and has authority to remove it. It is by his sufferance that the nuisance is created and maintained and it is he who is subject to the penalty of the ordinance.

It is argued that the plaintiff in error is not responsible for the nuisance and not required to remove the closet, and reliance is placed upon the doctrine that in the absence of an express agreement a landlord is not bound to make repairs in premises in the exclusive occupation of a tenant and is not liable for a nuisance committed by a tenant in such premises. There was no evidence of the terms

of the letting of the premises, and the rule as to the liability of landlord and tenant for repairs, as between themselves, has no application. While the occupant, and not the owner, is ordinarily responsible for injuries arising from a failure to keep premises in repair, yet if premises are let with a nuisance on them the landlord is liable for an injury caused by such nuisance. (*Tomle* v. *Hampton,* 129 Ill. 379; *Baird* v. *Shipman,* 132 id. 16.) In *Miller* v. *Fisher,* 111 Md. 93, it is said, that "where the owner leases premises which are a nuisance, or must in the nature of things become so in their use, and receives rent, then, whether in or out of possession, he is liable." The plaintiff in error rented his building with a water-closet which the ordinance required should be removed if it should become a nuisance. Its use was indispensable in connection with the use of the property, and it did, as found by the verdict of the jury, become a nuisance. It was a fixture and part of the building itself, and its removal and the substitution of one of a different kind could not be considered ordinary repairs to the premises. It was a part of the structure of the building itself, which the owner, alone, could change. When it became a nuisance the ordinance required its removal, and the plaintiff in error, alone, could cause it to be removed. It may be that the tenant was liable for the nuisance, but his liability could not relieve the landlord. The latter, alone, was authorized to make the change required by the ordinance in the structure. It was his duty to make the change, and, if necessary, he should have had the right of entry for such purpose inserted in the lease if he did not otherwise have it. It was only by its use that the water-closet could become a nuisance, and the plaintiff in error demised the premises intending it to be used. By the use contemplated the nuisance arose, but the penalty imposed on the plaintiff in error was not for the creation of the nuisance but

for his failure to remove the hopper-closet after it became a nuisance.

Complaint is made of the first instruction given, which told the jury to find for the plaintiff if they believed, from the evidence, that defendant had in his building a water-closet which prior to the beginning of the suit had become a nuisance and that he failed to remove it after it became a nuisance. The objections made are, that this instruction is a mis-statement of the law applicable to a landlord not in possession, and that it omits the element of defendant's knowledge that a nuisance existed. The first objection is answered by what has already been said. The second is immaterial, because the plaintiff in error was bound to remove the water-closet if it became a nuisance, and was not entitled to notice to do so.

Instruction No. 4 was as follows:

"The court instructs the jury that a nuisance is anything that works hurt, inconvenience or damage."

This is an abstract proposition of law which ought not to have been given. It was of no benefit to the jury and gave them no rule by which they could apply the law to the facts in this case.

By his offered instruction No. 10 the plaintiff in error requested the court to instruct the jury that "if the water-closets are kept in a reasonably clean and sanitary condition, this is all that is necessary under the law and the ordinances." The court modified the instruction by inserting after the word "condition" the words "and are not nuisances." If the closets were reasonably clean and sanitary they could not be nuisances; if they were nuisances they could not be reasonably clean and sanitary. By the modification the jury were told, in effect, that something more was necessary than that the closets should be reasonably clean and sanitary; that though reasonably clean and sanitary they might still be nuisances; but by no instruction were they told under what circumstances this might

be, and the definition given of a nuisance could not give them any light. The modification of the instruction was error.

The plaintiff in error's instruction No. 11 stated that a sanitary inspector of Chicago was not authorized to declare what is and what is not a nuisance, or what has become or what has not become a nuisance, or to find what is or what is not a nuisance. The court properly modified the instruction by adding the words, "that question is for you to determine from a consideration of all the evidence."

The plaintiff in error contends that his refused instructions 2, 4, 5, 6, 7 and 11 should have been given. They were all based on the theory that because the premises were in the possession of tenants the landlord was not liable, and were therefore properly refused.

It is also urged that the court erred in refusing to give instructions Nos. 1 and 10 asked by the plaintiff in error. Instruction No. 1 stated that if the jury believed, from the evidence, that the water-closets, at the time the building was constructed, were in conformity with the law and ordinances of the city of Chicago then in force, then, unless they have become unfit for the purpose for which they were originally constructed, the plaintiff in error was not required to take them out and put in others. This instruction was properly refused, because it would have told the jury that plaintiff in error was not required to remove the closets if they became nuisances. Instruction No. 10 was as follows:

"I instruct you that if you believe that the water-closets in question are in such a condition as not to be offensive and detrimental to the health of the persons occupying the flat in which said closets are located or persons occupying the building in question, then you will find the defendant not guilty."

This instruction was erroneous in requiring the condition to be detrimental to health, when noisome odors,

alone, may have made the water-closets a nuisance. *Wahle v. Reinbach, supra.*

It is insisted that the court erred in admitting in evidence copies of two notices alleged to have been sent to the defendant. We have held that notice to the plaintiff in error was immaterial. The plaintiff in error did not object on that ground but because the preliminary proof was not sufficient to admit copies in evidence. The preliminary proof was insufficient but no harm was done to the plaintiff in error. The attempt to prove notice was simply an additional burden upon the defendant in error which it unnecessarily assumed.

For the errors in the instructions the judgment is reversed and the cause remanded.

*Reversed and remanded.*