PEOPLE *v.* WEBER.

1. NUISANCE—CRIMINAL LIABILITY—ORDINANCES—LANDLORD AND TENANT.
  Where tenants are in the possession and control of leased premises, the owner thereof is not criminally liable under an ordinance prohibiting the "owner or occupant or other person having the control or management" of the premises from allowing "any nuisance to exist or remain" thereon, although the evidence shows that toilets charged to constitute a nuisance by the discharge of offensive odors by reason of the lack of light and ventilation were so constructed by defendant. WIEST and BIRD, JJ., dissenting.

2. APPEAL AND ERROR—ORDINANCES—RECORDER'S COURT.
  Certiorari, and not error, is the proper remedy to review ordinance cases disposed of in the recorder's court of the city of Detroit.

Error to recorder's court of Detroit; Marsh (Pliny W.), J. Submitted February 2, 1921. (Docket No. 126.) Decided June 6, 1921.

Joseph F. Weber was convicted of maintaining a nuisance. Reversed and defendant discharged.

*Earl I. Heenan,* for appellant.

*Clarence E. Wilcox,* Corporation Counsel, and *James H. Lee,* Assistant Corporation Counsel, for the people.

WIEST, J. (*dissenting*). Defendant was convicted in the recorder's court for the city of Detroit, for allowing a nuisance to exist on premises owned by him, the nuisance consisting of no light or ventilation for toilet rooms, and averred in the complaint to be contrary to section 5, chapter 133, of the compiled ordinances of the city of Detroit for the year 1912.

The record does not show, but it is stated in the brief of counsel for defendant, that the complaint was amended to charge defendant as owner of the building, and the Builders' Construction Company, Vrikol Krivokucha and Jacob Caplan as tenants, each with allowing a nuisance to exist.

At the trial before the court without a jury the tenants were discharged and defendant was convicted and fined $100 and $5 costs.

The ordinance of the city under which defendant was prosecuted provides:

"Section 5. No owner or occupant or other person, having the control or management of any grocery, cellar, chandler shop, soap, candle, starch or glue factory, tannery, butcher shop, slaughter house, stable, barn, privy, sewer or other building or place, shall allow any nuisance to exist or remain on the premises of such owner or occupant or premises of which such other person has the control or management; nor shall any person, persons or corporation, owning or occupying any public or private street, alley, way or any premises whatever, or having control or management thereof within the limits of the city of Detroit, create or maintain any nuisance thereon."

At the trial reference was made to the building code of the city and its provisions relative to light and ventilation for toilet rooms, but the code was not introduced in evidence nor does it appear in the record. The building code of the city, if material to the issue, should have been pleaded, at least by reference thereto, and supplemented by proof that the nuisance arose from failure to obey its mandate.

The recorder's court, in the trial of city ordinance cases, may take judicial notice of the ordinances of the city; but upon a complaint specifying the ordinance under which it is made, if proof of some other ordinance is essential to constitute the offense, good pleading requires that the accused be informed of the true nature of the charge against him.

We are of the opinion that the charge as laid in the complaint brought defendant to answer for allowing a nuisance in fact to exist upon his premises. It was proper to show the construction of the toilets and the lack of light and ventilation and that by reason of such want of light and ventilation odors came from the toilet rooms. If by reason of the construction of the toilets without light and ventilation offensive odors were discharged into the rooms then there was a nuisance in fact.

The building of defendant at 553-557 Myrtle street is a one story brick store building with four stores in front and no rooms for dwelling purposes. Each store has a toilet at the rear end of the room with a toilet seat around which is built a partition rising about 10 feet, leaving 8 feet from the top thereof to the ceiling of the room open, and a door entering the toilet room, but without light or ventilation except over the top of the partition. An inspector of the housing department of the board of health of the city visited the premises three times, and testified that he observed odors from the toilets coming over the tops of the partitions in the stores, and that he examined the toilets and found there was not sufficient ventilation. On cross-examination he testified that:

"There is a certain odor to any toilet that is used. I didn't notice anything extraordinary about these, only it was enclosed in the outside room without any ventilation."

There was testimony justifying the court below in finding the existence in fact of the nuisance complained of.

Noisome odors, alone, may constitute toilets a nuisance. *City of Chicago* v. *Atwood*, 269 Ill. 624 (110 N. E. 127).

It is strenuously insisted that appellant, as owner of the premises, is not subject to prosecution while ten-

ants are in occupation thereof, and reliance is placed upon the holding in *People* v. *Kent,* 151 Mich. 134 (14 Ann. Cas. 208), where the court had this same ordinance under consideration. In that case the nuisance complained of consisted of foul, nauseous, and unhealthful odors emitted from stagnant pools of water or sewage underneath the building, held by tenants under a five-year lease. The owners had no part in putting in the closets which discharged under the building.

We do not depart from that decision in holding that when the owner has established toilets on premises which must in the nature of things become a nuisance by their user, and leases the same and receives rent therefor, then whether in or out of possession, he may be held for allowing a nuisance to exist upon his premises. See *City of Chicago* v. *Atwood, supra; Miller* v. *Fisher,* 111 Md. 91 (73 Atl. 891, 50 L. R. A. [N. S.] 295).

It was not necessary to show the efforts made to get defendant to remedy the condition of the toilets, neither was the admission of testimony along that line reversible error.

There was no error in discharging the tenants and in holding defendant under the ordinance and the evidence.

The conviction should be affirmed, with costs to appellee.

BIRD, J., concurred with WIEST, J.

FELLOWS, J. Laying aside the question of whether the maintenance of a toilet room without light and ventilation, which is the only basis of the complaint, is a nuisance *per se,* I am still unable to agree with Mr. Justice WIEST that the case of *People* v. *Kent,* 151 Mich. 134, is not controlling of the instant case. In that case this same ordinance was involved. The city

there maintained that the ordinance applied to owners out of possession and that an amendment then recently made to it had enlarged its scope. The defendants, trustee owners, there insisted that it was not applicable to owners who had leased the premises and were out of possession. We there said:

"A fair construction of this language is that it is directed to these classes of individuals, to wit, owners, occupants, or other persons, who at the time have the control or management of the premises and allow a nuisance to exist and remain thereon.

"The construction contended for on the part of the people is that the amendment 'or other person having the control or management' was added for the purpose of enlarging the scope of the ordinance to reach agents of nonresident owners, and that control or management is confined solely to that class, and that the prosecution in this case is permissible against the owners and tenants jointly. Under the charge in the complaint we do not so hold, for the reason that such construction would hold the owner liable for a condition he would have no right to abate. The entire possession and control of these premises were in Sloman & Co., tenants. The owner, for such purpose, would have no more right to enter than a stranger. No ordinance can be held valid which commands a violation of law. *City of St. Louis* v. *Kaime*, 2 Mo. App. 66. The owner or any other person mentioned in this ordinance as, amended who is not the occupant in possession and control of premises cannot be held guilty of allowing a nuisance 'to exist and remain' on such premises. The court was in error in this case in adjudging the trustee owners guilty."

In the instant case the complaint does not charge the defendant Weber with having created a nuisance prior to his leasing of the premises but does charge that:

"on the 27th day of April, A. D. one thousand nine hundred and twenty, within the corporate limits of said city, to wit: on premises Nos. 553-557 Myrtle street, one J. F. Weber, No. 304 Gratiot avenue, did then and there unlawfully allow a nuisance to exist,

said nuisance consisting of no light or ventilation for toilet rooms." * * *

I think the question in the *Kent Case* is identical with the one presented on the complaint now before us; unless we desire to unsettle the law there pronounced, the defendant should be discharged. I am not persuaded that the *Kent Case* was improperly decided. I think the case should be reversed and the defendant discharged.

It should be noted that the *Kent Case* came to this court on writ of error. This undoubtedly justified counsel in assuming that to be the proper remedy. But this court has held that ordinance cases disposed of in the recorder's court of the city of Detroit may not be reviewed in this court on error. *Jackson* v. *People,* 8 Mich. 262; *Swift* v. *Wayne Circuit Judges,* 64 Mich. 479, 487. Certiorari is the proper remedy. *Jackson* v. *People,* 9 Mich. 111.

STEERE, C. J., and MOORE, STONE, CLARK, and SHARPE, JJ., concurred with FELLOWS, J.