W. W. MARSHALL *v.* D. D. PRICE ET AL.
[No. 43, April Term, 1932.]

*Decided June 21st, 1932.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Howard Galbreth,* with whom was *J. Philip Roman* on the brief, for the appellant.

*Walter C. Capper,* for the appellees.

ADKINS, J., delivered the opinion of the Court.

Appellees were owners of a lot on the corner of Mechanic and Valley Streets in the City of Cumberland, Maryland, on which was a brick building. They also owned the adjoin-

ing lot. The ground floor of the building with a small part of the adjoining lot was leased to John Miller and Oscar Porter for an automobile repair shop. There was an entrance from said shop to the vacant lot. In September, 1930, the lessees of the shop constructed a pit on their part of said lot close to the shop, for the use of workmen in oiling and repairing cars. The second floor of the building was leased to Harley Wagner as an apartment, to which there was an entrance from Mechanic Street and also a rear entrance which opened on a porch facing the open lot. Both leases were oral, and there was no agreement as to repairs. At the time these leases were made, there was no pit on the property. Appellees knew nothing about it until it was completed, and had nothing to do with constructing or maintaining it. On the rear end of the vacant lot were three garages facing Mechanic Street, the entrance to which was from said street over said vacant lot. These garages belonged to appellees. Mrs. Wagner rented them for the owners and collected the rents. From a plat in the record and other evidence, it appears that there was access to the three garages from Mechanic Street over the vacant lot without going over the part of the lot leased to Miller and Porter, in which the pit was dug.

On April 9th, 1931, the appellant was visiting his niece, Mrs. Wagner, wife of the tenant of the apartment, and was injured by falling into the pit, and subsequently sued the appellees. Mrs. Wagner describes the accident as follows: "My car was sitting in the driveway to the first garage. I went down stairs to the lower hall with Mr. Marshall. * * * I guess my uncle went out the back door first. I didn't see him because I went back upstairs for my keys. * * * My car was standing just opposite the pit. I told him to go over to the car and I would be back. The first thing I knew when I came down I went to the rear door and saw something had happened, and he told me he was hurt." Marshall testified that it was dark and he stepped into the pit while crossing from the rear door to the car.

At the conclusion of the testimony, the court granted two

demurrer prayers offered by defendants. The only exception was to the granting of these prayers.

We find no error. The law is well settled that, when the owner has parted with his control, the tenant has the burden of the proper keeping of the premises, in the absence of an agreement to the contrary; and for any nuisance created by the tenant the landlord is not responsible. *Smith v. State, use of Walsh,* 92 Md. 518, 48 A. 92; *Miller v. Fisher,* 111 Md. 93, 73 A. 891; *Owings v. Jones,* 9 Md. 108.

There is no evidence of a right of way across the portion of the vacant lot leased to Miller and Porter either by grant or by user. But it is contended by appellant that Mrs. Wagner had the right to use both her front and back doors as a means of ingress to and egress from her home, and that in using the back entrance she was compelled to pass over the Miller and Porter lot; that the plaintiff as her guest and by her invitation had the same rights. Even if this were so (and it is not necessary to discuss that question here) it would not modify the rule as above stated. If in such case there were liability resulting from obstructing or failing to keep safe a right of way, it would be the liability of the person in possession and control of the property. As was said in *Maenner v. Carroll,* 46 Md. 193, 215, where there was a claim for damages by one injured from falling into an excavation on private property over which a right of way was claimed by plaintiff: "It does not follow that because the defendants are the owners of the lot that they are liable for all the nuisances that may be created thereon, no matter by whom. This is illustrated in the case of landlord and tenant. If a landlord demise premises which are not in themselves a nuisance, but may or may not become such, according to the manner in which they are used by the tenant, the landlord will not be liable for a nuisance created on the premises by the tenant. He is not responsible for enabling the tenant to commit a nuisance, if the latter should think proper to do so." The case of *Balto. & O. R. Co. v. Rose,* 65 Md. 485, 4 A. 899, cited by appellant, is not in conflict with this view.

The suggestion that Mrs. Wagner's agency in renting the garages and collecting the rents could have any bearing on this accident is without any force. There is no evidence that she had anything to do with the care of the garages. But, even if she had, it does not appear that, at the time of the accident, or at any time during appellant's visit, she was engaged in her principals' business or in any business connected with the garages. Appellant was her guest; was not using, or seeking the use of, any of the garages; and had no car on the premises. It is not perceived, therefore, how her agency in connection with renting the garages had any relation to her dealings with the appellant.

*Judgment affirmed, with costs to appellees.*