The People of the County of Kane, Plaintiff-Appellant, *v.* Midway Landfill, Inc., Defendant-Appellee.

(No. 73-371;

Second District—November 27, 1974.

Gerry L. Dondanville, State's Attorney, of Geneva (Clarence Wittenstrom, Jr., Assistant State's Attorney, of counsel), for appellant.

Robert F. Casey, of Geneva, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Midway Landfill, Inc., as the operator of a landfill site in Kane County, was charged in six informations with various violations of the Kane County Sanitary Landfill Control Ordinance. The defendant filed a motion to quash all of the counts in each information, contending that the ordinance, in imposing upon the county the primary and nondelegable duty to refrain from the alleged violations, made the county equally responsible for any of the defendant's violations. And by charging only the defendant with the violations, the informations deprived the defen-

dant of due process. In addition, the defendant alleged in the motion to quash that the ordinance provided for a hearing before the Zoning Board of Appeals of Kane County to determine whether any violation had taken place as a precondition to the enforcement of the fine and imprisonment sanctions set forth in the ordinance.

The trial judge granted the motion to quash based upon his finding that the provision in the ordinance for criminal sanctions, which included either a possible fine of $200 and imprisonment in the county jail for more than 6 months or both was invalid.

The People appeal, contending that the county had authority to fine and imprison a violator of its ordinance as an alternative to seeking a revocation of a violator's operating privilege before the Zoning Board of Appeals. But in the event the provision for a jail sentence is held invalid, they argue that the jail portion is severable from the balance of the penalty section and does not affect the validity of the fine provision.

Section 2 of the Garbage Disposal Act empowers counties to enact ordinances to regulate the method by which to dispose of garbage in sanitary landfills (Ill. Rev. Stat. 1973, ch. 34, par. 5402); and section 6 of that same act provides counties with the authority to suspend the license of any person who violates those ordinances. (Ill. Rev. Stat. 1973, ch. 34, par. 5406.) Section 6 states:

> "Penalties for violations. Any person who violates any ordinance, rule, or regulation adopted pursuant to this Act commits a petty offense and may be punished by a suspension of any license held."

The county ordinance before us in the first 4 paragraphs of article XI details the method by which the license of a sanitary landfill operator may be revoked for ordinance violations, and section 6 clearly establishes its validity. There is, however, a challenge to the final paragraph of article XI of the ordinance which provides in part:

> "Any person, firm, company or corporation who violates, disobeys, omits, neglects or refuses to comply with, or who resists the enforcement of any of the provisions of this ordinance, shall be subject to a fine of not more than 200 dollars for each offense, or to the imprisonment in the county jail for a period of not more than six months, or both, in the discretion of the court. Each day that a violation continues to exist constitutes a separate offense."

■■ We conclude from our examination of the enabling statutes that counties have neither expressly nor impliedly been empowered to punish ordinance violators by imprisonment. The State argues that the similarity of the development of the comparable sections in the Cities and Villages Act (Ill. Rev. Stat. 1973, ch. 24, pars. 1—2—1, 1—2—9) which evolved to give cities and villages authority to imprison ordinance violators im-

plies that a similar power was intended to be given to county governments. There is authority for construing statutes which relate to the same subject matter *in pari materia* so as to infer that provisions omitted from one were intended to be in the other. (*People ex rel. Killeen v. Kankakee School District No. 11* (1971), 48 Ill.2d 419, 422.) But the separate act governing cities and villages does not necessarily have the same purposes or objectives as to be *in pari materia* with acts relating to county governments. (See 73 Am.Jur.2d *Statutes* § 187 (1974).) Cities and villages have been expressly given the power to make ordinance misdemeanors punishable by imprisonment. (Ill. Rev. Stat. 1973, ch. 24, par. 1—2—1.1.) The absence of a like provision in the separate act governing counties is evidence of a different legislative intention respecting the county's authority.

Our conclusion does not necessarily affect the validity of the entire paragraph, however. The invalidity of one penalty provision will only render the remaining penalties invalid if their execution is dependent upon the invalid portion. (*Cheetah Enterprises, Inc. v. County of Lake* (1974), 22 Ill.App.3d 306, 317 N.E.2d 129; *City of Rockford v. Grayned* (1970), 46 Ill.2d 492, 495-496.) In this case, the provision for imprisonment which we have found void is separable from the portion of the ordinance providing for a fine.

■■ The phrase "petty offense" is also contained in section 6 of the Garbage Disposal Act (Ill. Rev. Stat. 1973, ch. 34, par. 5406). It is clear from the committee comments (S.H.A., ch. 34, par. 5406) that by amending the statute to include the term "petty offense" the legislature meant to bring the act in conformance with the definition provided by the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—1—17) which states that a petty offense "means any offense for which a sentence to a fine only is provided." In addition, the general penalty provision of the Counties Act provides that "[n]o fine or penalty, * * * shall exceed $500." (Ill. Rev. Stat. 1973, ch. 34, par. 437.) A reasonable interpretation of the statutes involved grants the county the power to enact fines of not more than $500 for ordinance violations as petty offenses and in our view gives the county this method of punishing violators of its garbage disposal ordinance in addition to the granted power to suspend licenses by a hearing before the Zoning Board of Appeals.

■■ The defendant's contention that the state statutes impose a duty on counties to operate the sanitary landfill site which may not be delegated to an agent or a tenant is without merit. The Counties Act and the Garbage Disposal Act clearly empower courts to regulate landfill sites, but neither act imposes a duty on the county to dispose of garbage in this manner. See Ill. Rev. Stat. 1973, ch. 34, pars. 401, 417, 418, 5404.

Defendant has also contended that it operates the landfill site as the

county's agent, and, therefore, the only power that the county has is to discharge its agent or to close down the operation. No authority is cited for the proposition that the defendant's violations are, in effect, the county's violations and the defendant may not be prosecuted by the county as a result of this agency relationship, and we know of no such authority. Officials and agents at all levels of state government have been prosecuted for violation of law in suits on behalf of the People. (See, *e.g.*, *People v. Isaacs* (1967), 37 Ill.2d 205; *People v. Ashton* (1934), 358 Ill. 146, 152-3; *Uzzell v. People* (1912), 173 Ill.App. 257.) Moreover, while the agreement between the county and the defendant, a privately owned foreign corporation licensed to do business in Illinois, is not in the record, the People's informations in question which have been ruled upon as a matter of law state that the sites are leased to the defendant. The status of landlord and tenant of itself does not create an agency relationship. (*Chicago Title & Trust Co. v. Wabash-Randolph Corp.* (1943), 384 Ill. 78, 91-92.) The relationship of landlord-tenant also does not render the landlord criminally liable for the illegal use of the premises by the tenant if the landlord does not aid or abet the tenant in his illegal use. (See 49 Am.Jur.2d *Landlord and Tenant* § 10 (1970); *People v. Kent* (1908), 151 Mich. 134, 114 N.W. 1012, 1013.) Thus, whether the relationship between the defendant and the county is one of the principal-agent or landlord-tenant is not determinative of the issues raised in this appeal, since the People may proceed against either a tenant or an agent who acts unlawfully.

For the reasons which we have stated we reverse the judgment below and remand the cause to the trial court with directions to vacate the orders quashing the informations filed against defendant insofar as they seek to enforce the county landfill ordinance by the imposition of a fine. That portion of the county's landfill ordinance in question which purports to authorize incarceration for violations and which we have found to be severable from the balance of the penalty provision of the ordinance is declared invalid.

Reversed and remanded with directions.

T. MORAN, P. J., and RECHENMACHER, J., concur.